[S. F. No. 11727. In Bank.—December 1, 1925.]

## W. S. BRAYTON, Petitioner, v. H. A. PAYNE, as County Auditor, etc., Respondent.

[1] MUNICIPAL CORPORATIONS — MUNICIPAL COURTS — JUSTICES OF THE PEACE. — A justice of the peace of a township situated partly within and partly without the limits of a municipality continues to be such justice of the peace with jurisdiction in said township outside said municipality, notwithstanding the establishment of a municipal court by the municipality under the amendment to section 11 of article VI of the constitution, relating to the establishment of municipal courts, and the act of 1925 (Stats. 1925, p. 648), and said justice does not become a judge of the municipal court by reason of its establishment, nor is he in a position to qualify as such judge or to receive the salary appertaining to such office.

---

(1) 33 C. J., p. 931, n. 16; 35 C. J., p. 456, n. 86 New.

1. See 15 Cal. Jur. 472; 16 R. C. L. 363.

APPLICATION for a Writ of Mandate to compel a County Auditor to issue his warrant for the salary of a Judge of a Municipal Court. Writ denied.

The facts are stated in the opinion of the court.

Linnell & Linnell and Noland M. Reid for Petitioner.

Edward T. Bishop, County Counsel, and Chas. E. R. Fulcher, Deputy County Counsel, for Respondent.

RICHARDS, J.—The petitioner herein applies for a writ of mandate to be directed to the respondent herein, as county auditor of the county of Los Angeles, requiring the latter to audit and approve the claim and demand of the petitioner for the sum of $129 alleged to be due as his salary as judge of the municipal court of the city of Long Beach for the period between July 24, 1925, and July 31, 1925, inclusive, and to issue to petitioner a warrant drawn upon the county treasury for said sum. The particular facts upon which the petitioner bases his application herein and upon which the same is resisted are embraced within the stipulation of the parties as to the facts of the case, which reads as follows:

"Petitioner was, prior to July 24, 1925, and still is unless his status as such is affected by the establishment of the Municipal Court in the City of Long Beach, the duly elected, qualified and acting Justice of the Peace of Long Beach Township, County of Los Angeles, State of California. Long Beach Township is and at all times in Petitioner's Petition mentioned was, situated partly within and partly without the limits of the city of Long Beach. Petitioner is an elector of the City of Long Beach, but has never been admitted to practice law before the Supreme Court of the State of California. In pursuance of Amendment Number 35 (section 249a) of the Charter of the City of Long Beach, Article VI of the Constitution of the State of California and Chapter 358 of the Laws of 1925 of the State of California, there was established in the City of Long Beach on the 24th day of July, 1925, a Municipal Court. On the 24th of July, 1925, Petitioner took the oath of office as Judge of the Municipal Court of the City of Long Beach and entered upon and exercised the duties of the Judge of said Court. Respondent

is and at all times in Petitioner's Petition mentioned was the duly appointed, qualified and acting County Auditor of said County of Los Angeles. On July 31, 1925, Petitioner in due form presented his claim and demand for salary as Judge of said Municipal Court in the sum of $129.00, but respondent refused, has ever since refused and still refuses to pay said sum or any part thereof.''

[1] In the two cases of *Robison* v. *Brayton, ante,* p. 516 [241 Pac. 867], and *Western Credit Assn.* v. *Brayton, post,* p. 797 [241 Pac. 868], it was held, upon the authority of *Bakkenson* v. *Superior Court, ante,* p. 504 [241 Pac. 874], that the petitioner herein was, on July 24, 1925, and thereafter and during all of the times mentioned in his petition herein continued to be a justice of the peace of Long Beach township in the county of Los Angeles, and that he had not, either by virtue of the constitutional amendment providing for the creation of municipal courts, or of the recent act of the legislature providing for the establishment of the same, or of the amendment to the charter of the city of Long Beach with relation to the establishment of such municipal courts within said municipality, or of any action taken by the board of supervisors of the county of Los Angeles relating to the redistricting of the townships thereof, become a judge of the municipal court of said city of Long Beach, or other than a justice of the peace of Long Beach township. It follows necessarily that the petitioner was not in a position to qualify as a judge of the municipal court of the city of Long Beach or to receive the salary appurtenant to such office. The question, therefore, as to whether or not the petitioner had been admitted to practice as an attorney and counselor at law of this state is an immaterial issue.

The petition for a writ of mandate is denied.

Myers, C. J., Lawlor, J., Seawell, J., Shenk, J., and Lennon, J., concurred.