[S. F. No. 11728. In Bank.—December 1, 1925.]

JOSEPH MARCHETTI, Petitioner, v. H. A. PAYNE, as County Auditor, etc., Respondent.

[1] MUNICIPAL CORPORATIONS—MUNICIPAL COURTS—JUSTICES' COURTS—JURISDICTION.—As to townships partly within and partly without the boundaries of municipalities qualified to establish municipal courts within their territorial limits and establishing the same, the existence and jurisdiction of the justices' courts within such townships and of the justices of the peace functioning therein are each unaffected, except in so far as the territory embraced within such municipalities is concerned, by the establishment of municipal courts in such municipalities under the amendment to section 1 of article VI of the constitution, relating to the creation of municipal courts, and the act of 1925 (Stats. 1925, p. 648), providing for the establishment of such courts; and justices' courts of such townships, continue to exist and function, and the justices thereof do not become judges of such municipal courts by the establishment of the same.

---

(1) 33 C. J., p. 931, n. 16; 35 C. J., p. 456, n. 86 New.

APPLICATION for a Writ of Mandate to compel a County Auditor to issue his warrant for the salary of a Judge of a Municipal Court. Writ denied.

The facts are stated in the opinion of the court.

Leslie Hewitt, Hewitt, Crump & Penn and Kimball Fletcher for Petitioner.

Edward T. Bishop, County Counsel, and Chas. E. R. Fulcher, Deputy County Counsel, for Respondent.

RICHARDS, J.—The petitioner herein applies for a writ of mandate directed to the respondent as county auditor of the county of Los Angeles, requiring the latter to issue to petitioner a warrant drawn upon the county treasury for the sum of $129 alleged to be due and payable to the petitioner as his salary as judge of the municipal court of the city of Long Beach for the period between July 24, 1925, and July 31, 1925. The single question presented by this application is as to whether the petitioner became or was a judge of the said municipal court during said period or at all. From the stipulated statement of facts filed herein it appears that prior to July 24, 1925, the petitioner was a duly appointed, qualified and acting justice of the peace in and for Los Angeles township in said county of Los Angeles, a portion of which lay partly within and partly without the corporate limits of the city of Long Beach; that by virtue of the provisions of law and of amendment number 35 to the charter of the city of Long Beach, there was on July 24, 1925, established in said city of Long Beach a municipal court. There is also set forth in said stipulated statement of facts a statement to the effect that on July 23, 1925, and also on July 24, 1925, the board of supervisors passed and adopted certain ordinances identical in form, purporting to rearrange the boundaries of the townships of Los Angeles County, the text of which ordinances is appended to the return of the respondent to the alternative writ issued herein. [1] The main question presented by this application is, we think, sufficiently answered by our decision in the case of *Bakkenson* v. *Superior Court, ante,* p. 504 [241 Pac. 874], wherein it is held that as to townships partly within and partly without the boundaries of municipalities qualified to establish municipal courts within their territorial limits and establishing the same, the existence and jurisdiction of the justices' courts within such townships and of the justices of the peace functioning therein are each unaffected thereby except in so far as the territory embraced within such municipalities is concerned. Such being our conclusion in that case it follows that the petitioner in this proceeding still continues to be a justice of the peace of Los

Angeles township, notwithstanding the establishment of a municipal court in the city of Long Beach and has not by the act of such establishment or otherwise become a judge of such municipal court. It further follows that the action of the board of supervisors of the county of Los Angeles taken in the passing and immediate putting into effect of the ordinances above referred to or either of them is an immaterial factor in the disposition of this case, since it appears upon the face thereof that the township of Los Angeles, of which this petitioner is a justice of the peace, still continues in being and that the justice's court thereof, of which the petitioner is such justice of the peace, also still continues to exist and function.

It follows that the application of the petitioner herein for a writ of mandate must be and the same is hereby denied.

Myers, C. J., Lawlor, J., Shenk, J., Seawell, J., Waste, J., and Lennon, J., concurred.