[S. F. No. 11725. In Bank.—December 1, 1925.]

BEN S. ROBISON, Petitioner, v. W. S. BRAYTON, as Justice of the Peace, etc., Respondent.

[1] MUNICIPAL CORPORATIONS—MUNICIPAL COURTS—JUSTICES' COURTS—JURISDICTION. — The jurisdiction of justices' courts in townships which lie partly within and partly without the boundaries of municipalities remains unaffected by the amendment to section 11 of article VI of the state constitution, relating to the creation of municipal courts, except as to the portion of such townships lying within the corporate boundaries of cities qualified to establish or actually establishing municipal courts.

---

(1) 35 C. J., p. 456, n. 86 New.

APPLICATION for a Writ of Mandate to compel a Justice of the Peace to enter an oral demurrer and appearance in litigation for him. Writ granted.

The facts are stated in the opinion of the court.

Henry E. Phister for Petitioner.

Edward T. Bishop, County Counsel, and Chas. E. R. Fulcher, Deputy County Counsel, for Respondent.

Norman E. Malcolm, Wm. J. Locke, Bruce Mason, Ray L. Morrow, Earl J. Sinclair, Jess E. Stephens, William Guthrie, J. H. Howard, M. A. Fitzgerald, S. J. Higgins, Frank M. Downer, A. W. Sans, Jerome D. Peters, Joseph V. Berry, Archer Bowden, J. L. Johnston, Jordan L. Martinelli, John T. York and George Lull, *Amici Curiae.*

RICHARDS, J.—The petitioner herein applies for a writ of mandate to be directed to the respondent herein in his capacity as a justice of the peace of the township of Long Beach, county of Los Angeles. The particular facts upon which he bases his application and upon which the same is resisted are embraced within the stipulation of the parties as to the facts of the case and are as follows:

"That W. S. Brayton was, prior to July 24, 1925, the duly elected, qualified and acting justice of the peace of Long Beach township in the county of Los Angeles, state of California, and still continues to be such justice of the peace unless affected by the provisions of article VI of the Constitution of the state of California, chapter 358 of the laws of 1925 of the state of California and amendment number 35 to the charter of the city of Long Beach. Now and at all times in petitioner's petition mentioned Long Beach township lay partly within and partly without the limits of the city of Long Beach. That on July 24, 1925, by virtue of the provisions of article VI of the Constitution of the state of California, chapter 358 of the laws of 1925 of the state of California, and amendment number 35 to the charter of the city of Long Beach, there was established in the city of Long Beach a municipal court, if said amendment number 35 is valid. That the Western Credit Association is a corporation duly organized and existing under and by virtue of the laws of the state of California. That on or about the 8th day of July, 1925, said Western Credit Association caused a complaint naming petitioner as defendant, to be filed with respondent as justice of the peace of Long Beach township, and caused summons to be issued thereon. That thereafter and on or about the 16th day of July, 1925, said Western Credit Association, a corporation, caused said summons to be served upon petitioner, together with a copy of the complaint in said action. That on or about the 4th day of August, 1925, petitioner through his attorney, Henry E. Phister, demanded that respondent as justice of the peace of Long Beach township, enter upon his docket without payment of fees an oral general demurrer, and the appearance of petitioner in said action. That respondent refused and still refuses to enter such oral demurrer or appearance. That petitioner is and was at all times herein mentioned a resident of Long Beach township, county of Los Angeles,

state of California, and that at no time in said petition mentioned was he residing within the limits of the city of Long Beach. That amendment number 35 to the charter of the city of Long Beach (sec. 249a) was submitted to the qualified voters of the city of Long Beach at a special municipal election held in said city of Long Beach on the 8th day of April, 1925, and at such special municipal election a majority of the qualified voters of said city of Long Beach voting thereon voted in favor of said amendment number 35 to the city charter of the city of Long Beach and duly ratified same; that at the time said special municipal election was held, the legislature of the state of California was in session and continued in session for some time subsequent thereto. That said amendment was submitted to the legislature then in regular session and the same was approved as a whole without amendment or alteration by said legislature on the 18th day of April, 1925. That all other necessary acts precedent to the adoption of amendment number 35 to the city charter of the city of Long Beach were and each of them was performed in pursuance of the provisions of law pertaining thereto.''

[1] It being an admitted fact herein that Long Beach township now and at all the times mentioned in the petitioner's application lay and still lies partly within and partly without the city of Long Beach, it follows that the decision of this court this day filed in the case of *Bakkenson* v. *Superior Court, etc., ante,* p. 504 [241 Pac. 874], interpreting the scope and meaning of the recent amendment to section 11 of article VI of the state constitution, relating to the creation of municipal courts, has application to the situation presented in this proceeding, and hence that as to the township of Long Beach which lay, and according to the stipulation of the parties hereto yet lies, partly within and partly without the boundaries of the city of Long Beach, the jurisdiction of the justices' courts within such townships and of the justices of the peace functioning therein remains unaffected by such constitutional amendment and also by the terms of the statute recently enacted (Stats. 1925, p. 648), except as to the portion of such townships lying within the corporate boundaries of cities qualified to establish or actually establishing municipal courts. Under such interpretation the justice's court of Long Beach

township continued and still continues to exist and the respondent herein to be and function as its justice of the peace; and being such he was bound to receive and enter upon his docket the oral demurrer of the petitioner herein in the case then pending in his said court wherein the petitioner was a defendant, under the provisions of section 851 et seq., of the Code of Civil Procedure.

Let the writ issue as prayed for.

Myers, C. J., Lawlor, J., Shenk, J., Seawell, J., Waste, J., and Lennon, J., concurred.