[Civ. No. 7632. First Appellate District, Division One.—December 10, 1931.]

ANDREW PERI, Respondent, v. LESTER D. CULLEY et al., Appellants.

Jordan L. Martinelli and Herbert Chamberlin for Appellants.

Edward J. Jose for Respondent.

KNIGHT, J.—This is an appeal by defendants from an order granting plaintiff's motion for a new trial upon the ground that the amount of damages awarded by the jury was inadequate to compensate plaintiff for the personal injuries sustained by him in a collision which took place on the highway in Marin County between a motorcycle operated by plaintiff and an automobile driven by the defendant Lester D. Culley. The verdict was for $2,500.

■ As to the law it is well settled that in actions such as this, where a plaintiff is seeking damages for personal injuries, if the trial court is of the opinion that under the evidence the amount awarded by the jury is not legally adequate or commensurate with the extent of injury received, it may grant a new trial upon the ground that the evidence does not justify the verdict, and that it is against law; also that in passing upon the validity of such an order the reviewing court is to be governed by the same rules prevailing in cases where the new trial is granted at the behest of the defendant. (*Taylor* v. *Northern Electric R. Co.*, 26 Cal. App. 765 [148 Pac. 543]; *Phillips* v. *Lyon*, 109 Cal. App. 264 [292 Pac. 711].) Therefore, in the present case, unless it appears that there has been a manifest abuse of legal discretion the action of the trial court in granting the new trial must be sustained. (*Merralls* v. *Southern Pac. Co.*, 182 Cal. 19 [186 Pac. 778]; *Morgan* v. *Los Angeles Pac. Co.*, 13 Cal. App. 12 [108 Pac. 735, 737].)

■ The evidence shows that plaintiff was chief of police of the Fairfax police district in Marin County, and as such performed the duties of a motorcycle traffic officer; and that he was injured in a head-on collision while in pursuit of such duties. He was twenty-six years of age, and up to the time of the accident had been in excellent physical condition. The collision happened in mid-afternoon, and as a result of it plaintiff was knocked unconscious and remained so for four or five hours. He was severely cut and bruised about the head and body; and upon arriving at the hospital was pulseless and colorless, the pupils of his eyes were dilated, and he was considerably covered with blood. X-ray pictures were taken and it was ascertained that his skull was fractured, and nine ribs were broken, two of them showing double fractures. The skull fracture extended from the external portion of the bony prominence of the eye back beyond the ear to a point about an inch and a half from the base of the skull. He also suffered a severe injury to his shoulder, and the loss of three teeth; and the remaining teeth were chipped. He was confined in the hospital for approximately two months, during which time he suffered much pain; and after he was discharged from the hospital he continued under the treatment of his physician for about four months. He reported for duty with the police

department about four months subsequent to the date of the accident, but up to the time of trial, which took place some eighteen months after the accident happened, was unable to operate a motorcycle; and at that time he complained of headaches, and pains in the ribs, collar-bone, leg, teeth and spine; also of nervousness, loss of memory and defective hearing and vision. His physician testified that although there had been a recovery from the traumatic injuries, so that further medical treatment was unnecessary, it was quite probable that he was still suffering from these after-effects about which he complained; also that there was a possibility of epilepsy developing. Furthermore, the evidence shows that at the time of the trial he was carrying a scar on his forehead, and was unable to raise his arm above the level of the shoulder. At the time of the accident he was receiving $150 a month, and the medical and hospital expenses incurred by him amounted to approximately $1,080.

As pointed out by the decisions in *City of San Diego* v. *Cuyamaca Water Co.*, 209 Cal. 152 [287 Pac. 496], and *Morgan* v. *Los Angeles Pac. Co., supra,* there is a vast difference between the power and duty of a reviewing court on appeal in dealing with the question of the sufficiency of the evidence to sustain a verdict and the power and duty of a trial court in dealing with the same question on motion for a new trial, in that the reviewing court may not disturb the verdict of a jury unless there be a complete absence of substantial evidence to support it; whereas the trial court in passing on a motion for a new trial must act upon its own judgment as to the effect of the evidence, and when satisfied that the verdict is wrong, must grant a new trial. ■ In other words, "the parties are entitled to the judgment of the jury in rendering a verdict, in the first instance; but upon a motion for a new trial they are equally entitled to the independent judgment of the judge as to whether such verdict is supported by the evidence" (*Green* v. *Soule,* 145 Cal. 96 [78 Pac. 337, 340]); and therefore the trial court must weigh and consider the evidence for both parties and determine for itself the just conclusion to be drawn from it, and where the verdict is against the weight of the evidence it is the duty of the court to grant a new trial. (*City of San Diego* v. *Cuyamaca Water Co., supra; Morgan* v. *Los Angeles Pac. Co., supra.*) Furthermore, "it is only

in rare instances and upon very strong grounds'' that the reviewing court will set aside an order granting a new trial. (*Morgan* v. *Los Angeles Pac. Co., supra,* citing *Quinn* v. *Kenyon,* 22 Cal. 82.)

In view of the broad discretionary power thus vested in trial courts we are not prepared to hold as a matter of law in the present case that the granting of the new trial constituted an abuse of such power, for in addition to the evidence itself showing the nature and extent of plaintiff's injuries the trial court was afforded full opportunity during the course of the trial to observe plaintiff's condition, and to see whether he was permanently disfigured and to determine whether he was then suffering from the after-effects about which he complained; and therefore was in a position to arrive at a fair and just conclusion as to whether the amount awarded by the jury was legally insufficient and inadequate to compensate him for the injuries sustained. And since by granting a new trial it has found in the negative on that issue, upon evidence which is legally sufficient to support such conclusion, its finding cannot be disturbed on appeal.

■ Defendants argue that before a new trial may be granted on the ground of inadequacy of damages it must appear from the evidence, as in cases of excessive damages, that the award was made under the influence of passion or prejudice. While such is the rule in cases of excessive damages (subd. 5, sec. 657, Code Civ. Proc.) it has been definitely held that the authority of the trial court to grant a new trial upon the ground of inadequate or insufficient damages is not founded on the fifth subdivision of said section, but is based upon the grounds set forth in subdivision 6 thereof, namely, insufficiency of the evidence to justify the verdict and that it is against law. (*Benjamin* v. *Stewart,* 61 Cal. 605.) Consequently we are not here concerned with the question of whether the verdict was or was not influenced by passion or prejudice. (*Lambert* v. *Kamp,* 101 Cal. App. 388 [281 Pac. 690] ; 8 Cal. Jur. 833.)

The order is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 9, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1932.