[S. F. No. 16908. In Bank. Oct. 28, 1943.]

ILMA DEMPSEY et al., Respondents, v. MARKET STREET RAILWAY COMPANY (a Corporation), Appellant.

Cyril Appel, Ivores R. Dains, George Liebermann and George E. Baglin for Appellant.

George Olshausen and John K. Hagopian for Respondents.

GIBSON, C. J.—Plaintiffs, husband and wife, brought this action for damages for personal injuries alleged to have been received by the wife as the result of defendant's negligence. The jury rendered a verdict in favor of defendant, but the trial court granted a new trial, and defendant has appealed from that order.

According to plaintiffs' testimony, they boarded a streetcar operated by defendant, and Mrs. Dempsey walked through the car to the front. She had her left hand on a stanchion, and was about to step down to the motorman's platform, when the car stopped with a violent and sudden jerk, throwing her forward onto the floor and causing the injuries complained of. Her husband pulled her back to a standing position, where she remained until they had traveled six or eight blocks farther. They left the car without reporting the accident or notifying the motorman or conductor. The accident happened on Friday evening, and on Saturday Mr. Dempsey telephoned to the carbarn and was referred to the office of the company. He called at the office on Saturday afternoon and found it closed, but reported the accident the following Monday morning.

Defendant argues that, as a matter of law, no cause of action was proved for the reason that no unusual movement of the car was shown. While it is true that a certain amount of lurching and jerking is inevitable in the lawful operation of a streetcar (*Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270 [201 P. 599]; *Elliott* v. *Market Street Ry. Co.*, 4 Cal.App.2d 292 [40 P.8d 547]), a passenger is not required, as a matter of law, to anticipate a "sudden" or "violent" jerk that has sufficient force to throw her to the floor. (*McIntosh* v. *Los Angeles Ry. Corp.*, 7 Cal.2d 90, 96 [59 P.2d 959]; *Karsey* v. *San Francisco*, 130 Cal.App. 655, 659 [20 P.2d 751].)

The testimony of plaintiffs was directly contrary to that of the defendant's employees, and created a substantial

conflict in the evidence. In this state of the record the jury could have found that the car was negligently operated, and a verdict for the plaintiffs would have been justified. This being so, the lower court's order granting a new trial will not be disturbed, for the rule has long been settled that where the evidence is in substantial conflict the lower court's discretion to grant a new trial on the ground of insufficiency of the evidence will be upheld on appeal. (*Lauchere* v. *Lambert*, 210 Cal. 274 [291 P. 412]; *Hames* v. *Rust*, 14 Cal.2d 119, 124 [92 P.2d 1010]; *Peri* v. *Culley*, 119 Cal.App. 117 [6 P.2d 86].)

The order was entered in the minutes within the time prescribed by law and specified the ground of insufficiency of the evidence to justify the verdict. Defendant contends, however, that, under Code of Civil Procedure, section 657, as amended in 1939, there must be a formal order written, signed and filed, as distinguished from a mere written entry in the minutes, when the motion is granted on the ground of insufficiency of the evidence, and that, since there was no such order, we must conclusively presume that the motion was not granted on that ground. With this argument we cannot agree. A litigant should not be deprived of his day in court by technicalities, and we should not foster a statutory construction which would inaugurate new and complicated procedural steps when there is another construction which is reasonable and achieves the purpose of the statute, yet provides a simple and easily understandable method of obtaining the same result without departing from well-settled rules of practice.

A code section should be construed, if possible, so as to give meaning and effect, not only to the section as a whole, but to each and every part thereof, and it is equally well settled that statutes and even constitutional enactments must be given a reasonable interpretation, and that a literal construction which will lead to absurd results should not be given if it can be avoided. (*Bakkenson* v. *Superior Court*, 197 Cal. 504 [241 P. 874]; *Robbiano* v. *Bovet*, 218 Cal. 589 [24 P.2d 466]; *Reuter* v. *Board of Supervisors*, 220 Cal. 314 [30 P.2d 417]; *Walters* v. *Bank of America*, 9 Cal.2d 46 [69 P.2d 839]; *Jersey Maid Milk Products Co.* v. *Brock*, 13 Cal. 2d 620 [91 P.2d 577].)

Prior to 1919 there was no requirement that the grounds be stated or specified in an order granting a new trial. In that year, and again in 1929 and 1939, section 657 was amended, and now provides: "When a new trial is granted,

on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order *shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted;* otherwise, on appeal from such order it will be conclusively presumed that the order was not based on that ground. The court may direct a party to prepare the order.'' (Italics added.)

Section 657 is subject to the construction that there must be a separate, formal, written order, in addition to a minute entry, whenever a new trial is granted for insufficiency of the evidence, but it may also be construed as requiring merely that a written record of that ground must be made within the ten-day period. We feel the latter construction is preferable because it accomplishes the result intended by the Legislature and at the same time conforms to existing practice, retains simplicity and uniformity in procedure, and avoids the introduction of an additional and wholly unnecessary procedural requirement, the failure to observe which would render ineffectual the considered action of a court.

The construction urged by defendant either interprets the amendment as effecting a radical change in long established procedure or it is based on the premise that it is customary for new trial motions to be disposed of by separate written orders. Ordinarily such motions, and in fact most motions, are disposed of by rulings of the court which are entered by the clerk in the minutes. Not only would defendant's interpretation require a decided change in the usual procedure of trial courts, but it would result in a great deal of confusion by providing a new rule different from that applicable to all other orders. Since new trial motions are commonly made on several grounds, it would follow from defendant's construction that if the motion was denied, or if granted on any other ground, the minute entry would suffice and be perfectly valid; but that if the motion was granted in whole or in part on the ground of insufficiency of the evidence, the order would be ineffectual and void insofar as it was based on that ground unless embodied in a separate and supplemental writing. This result would follow notwithstanding that the trial court based its ruling on such ground, that the minute entry expressly so states and that such a construction would nullify the adjudication of the trial court. It would appear just as logical to hold that the Legislature

intended a separate written order only when the motion was granted on the single ground of insufficiency of the evidence, and that if granted on any other ground as well, then no separate writing would be required. This result can be reached by a strict, literal interpretation of the code section, but the result would likewise seem to be absurd. On the other hand, by construing the section as requiring merely that the ground of insufficiency of the evidence be specified in a separate written order or written minute entry made within the time limit, we not only have a reasonable interpretation of the language used, but also one which is in harmony with the existing system of procedure and which, without confusion, accomplishes all the results desired by the Legislature.

The provision of section 657 that the order shall specify the ground of insufficiency of the evidence "in writing and shall be filed with the clerk within ten days," indicates an intent that the ground shall be specified in some unmistakable way and placed of record in writing within the ten-day period. The only essential change in procedure is the requirement that the ground be stated and recorded within the prescribed time limit. "The procedure of recording orders determining new trial motions by minute entry is as old as our judicial system." (*Cox* v. *Tyrone Power Enterprises*, 49 Cal.App.2d 383, 399 [121 P.2d 829].) The amendments were undoubtedly adopted first, to stop the prior practice by appellate courts of assuming that insufficiency of the evidence was the ground for the order, except where that ground was not stated in the motion or was excluded by the order, and second, to place a limit on the time within which the record may be corrected by a nunc pro tunc order. Both of these purposes are accomplished by a construction which permits the granting of the motion to be by a minute order if the entry specifies the ground of insufficiency of the evidence, and hence it should be immaterial whether the trial court employs a minute entry or a separate formal order, so long as the written record is made within the time limit. This construction of section 657 avoids the undesirable result of requiring a formal, separate written order in this one instance, while permitting a mere minute entry to suffice in all other cases. In a broad sense, an order entered in the minutes is "filed with the clerk" as required by the statute. (See *Cox* v. *Tyrone Power Enterprises, supra,* at p. 395.)

Section 657, as construed by defendant, would lead to the

anomalous result that the order would be valid for all purposes when entered in the minutes if the entry specified the ground of insufficiency of the evidence, but because no formal written order was subsequently deposited with the clerk the order would thereby be deprived of part of its effectiveness and become partially invalid. It would "constitute a trap for the unwary and produce a multiplicity of miscarriages of justice. . . ." (*Cox* v. *Tyrone Power Enterprises, supra,* at p. 400.) Our procedural statutes are often criticized as containing too many technical, arbitrary distinctions and refinements. Courts should not add to them by construction.

The interpretation of section 657 advocated by defendant would require an appellate court to presume *conclusively* a fact which the certified record itself shows to be false and contrary to fact. It is not reasonable to conclude that this was the intention of the Legislature, especially since such a presumption would conflict with the established policy of the law to have a full hearing on the merits, and with the rule that all intendments on appeal are in favor of an order granting a new trial.

The last sentence of section 657 that "The court may direct a party to prepare the order," may be used to support the claim that a minute entry is not a sufficient compliance with the section. However, it is not conclusive and does not indicate unequivocally what intent the Legislature may have had in amending this section, since it is the common practice of the courts to request counsel to prepare orders and other papers, including proposed minute orders, to assist the court in disposing of its business.

Defendant relies on certain language in *Whitley* v. *Superior Court,* 18 Cal.2d 75 [113 P.2d 449], wherein two *nunc pro tunc* orders purporting to grant a new trial on the ground of insufficiency of the evidence were annulled on certiorari. The opinion stated that a prior minute order, which was entered on the day the motion was granted and which specified that it was granted "upon the insufficiency of the weight of the evidence to support the verdict," did not satisfy the requirement of section 657. Whether this statement was dictum, as claimed by plaintiffs, or a necessary part of the opinion, need not be determined here. In view of the conflict with the later cases of *Cox* v. *Tyrone Power Enterprises,* 49 Cal.App.2d 383 [121 P.2d 829], and *Gossman* v. *Gossman,* 52 Cal.App.2d 184 [126 P.2d 178], wherein hearings were

denied by this court, we have reexamined the question, and we have reached the conclusion that the views in the later cases are correct. Accordingly, the case of *Whitley* v. *Superior Court, supra,* is overruled to the extent that it conflicts with the decision herein.

The order granting a new trial is affirmed.

Shenk, J., Carter, J., Traynor, J., and Schauer, J., concurred.

CURTIS, J.—I dissent. I cannot agree with the majority opinion in its construction of the last paragraph of section 657 of the Code of Civil Procedure as amended in 1939, which requires that an order granting a new trial on the ground of the insufficiency of the evidence "shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based on that ground. The court may direct a party to prepare the order." There is nothing uncertain or ambiguous in the language of this section. It is a cardinal rule of statutory construction that, if possible, a statute or code section should be construed so as to give meaning and effect, not only to the statute or code section as a whole, but to each and every part thereof—i. e. to every word and clause, and certainly to every distinct or co-ordinate provision or section. (23 Cal.Jur., sec. 133, p. 758.)

Prior to 1919, section 657 of the Code of Civil Procedure set forth merely the "Grounds for New Trial." In 1919, there was added to the section a new paragraph providing that "When a new trial is granted upon the ground of the insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order, it will be presumed that the order was not based upon that ground." In 1929, the section was again amended, but only in a minor matter. By this amendment the words "on all or part of the issues" were inserted after the word "granted" appearing in the amendment added in 1929. In 1939, the section was amended again by rewriting the amendment of 1919 so as to read as follows: "When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify *this in writing and shall be filed with*

*the clerk within ten days after the motion is granted;* otherwise, on appeal from such order it will be *conclusively* presumed that the order was not based upon that ground. *The court may direct a party to prepare the order."* The italicized words appearing above were added by the amendment in 1939 to the section as it formerly read.

Section 657 as thus amended was in force at the date the motion for a new trial was granted in the present action. It is conceded by the majority opinion that no written order was made by the trial court in granting plaintiff's motion for a new trial, but the opinion holds that entry by the clerk in his minutes is a sufficient compliance with the requirement of said section as amended in 1939.

Prior to the amendment of 1939, there was no requirement that the order should be in writing, but by the amendment of that year it was expressly provided that the order should not only be in writing, but that it should be *filed* with the clerk within the time presented. Undoubtedly prior to this last amendment the court could make a verbal order granting such a motion on the ground of insufficiency of the evidence, and its entry in the minutes would be a sufficient compliance with the provisions of the section. That being so, then all that was accomplished by the 1939 amendment, according to the majority opinion, was to require that this order should be made within ten days after the motion was granted. Then why did the Legislature in its 1939 amendment, in providing for a limit to the time in which the order should be made, also expressly provide that the order should be in writing and filed with the clerk? It must have had some reason for making this change in the section, for it followed this express requirement by providing that for a failure to comply therewith, it should be *conclusively* presumed that the order was not based upon the ground of the insufficiency of the evidence. There is another provision of this amended section that tends to support the construction of the section now claimed for it, and that is the last sentence in the 1939 amendment which is not found in the section previous to its amendment in 1939, and which provides that "The court may direct a party to prepare the order." No one, it seems to me, can read the amendment of 1939 as a whole and reasonably conclude that the Legislature had in mind a verbal or oral order as a sufficient compliance with the terms of said section.

The majority opinion holds that a construction of the stat-

ute requiring a written order filed by the court might deprive a litigant of his day in court by a technicality, and that the section when so construed would serve as a pitfall into which some innocent and unsuspecting litigant might be entrapped. It must be conceded that the provision of the section in question is certain, definite and unambiguous, and that it expressly provides for a written order filed with the clerk within ten days after the motion for a new trial is granted. No person with ordinary intelligence after reading it, can have any doubt that the section so provides. How then can it be said that the requirement that a litigant observe a plain and unambiguous statute passed by the Legislature would operate to deprive him of his rights by a technicality? How could any litigant be misled or entrapped by such a requirement? The only person who might be misled or entrapped would be one who never read the section as amended in 1939. The respondents surely have no ground on which to base such a complaint. The order granting a new trial in this case was made some two and a half years after the amendment was passed and some eight months after this court had, in the case of *Whitley* v. *Superior Court,* 18 Cal.2d 75 [113 P.2d 449], construed the section as amended and held that a written order filed by the clerk was required by the section as it then stood. No one who had ever read the Whitley case could have had any doubt as to the meaning of the section as there construed by the court. It is contended that the language of the court in the Whitley case is dictum, or if not dictum, that this court erroneously construed said section of the code in its decision of that case. Yet at the time the order here was appealed from, that case was the latest expression of this court as to the construction to be given that section of the code. It was signed by five members of this court without any dissent by any member of the court, and it at least served as a warning to the profession as well as to litigants, including those in the present action, against any possible pitfall that might by chance be lurking in the law.

Undoubtedly the intent of the Legislature in amending section 657 in 1939 was to make the procedure definite and certain, and it considered the change in the section to be of such importance that, for the first time, it provided that the presumption that the order granting a new trial was not

based upon the ground of insufficiency of the evidence should be conclusive.

In my opinion the order granting the new trial should be reversed.

Edmonds, J., concurred.

Appellant's petition for a rehearing was denied November 22, 1943. Curtis, J., and Edmonds, J., voted for a rehearing.