[Civ. No. 5183. Fourth Dist. Aug. 8, 1956.]

CHARLES HARRY HOFFMAN, Appellant, v. VIRGINIA MAE JOHNSON et al., Respondents.

DENNIS PIQUE, a Minor, etc., Respondent, v. CHARLES HARRY HOFFMAN, Appellant.

McInnis, Hamilton & Fitzgerald, William T. Fitzgerald and John L. Stennett for Appellant.

James C. Henderson and John Coker for Respondents.

BARNARD, P. J.—These actions arose out of an automobile collision. A jury returned a verdict in favor of the plaintiff Hoffman in the sum of $1,367.38. On May 27, 1955, a minute order was entered granting a motion for a new trial. The plaintiff Hoffman has appealed from that order.

The appellant concedes in his brief that at the hearing of the motion for a new trial the court announced from the bench that he was granting the motion on the ground of insufficiency of the evidence, and the sole ground of the appeal is that it must be conclusively presumed that the order granting a new trial was not based upon the insufficiency of the evidence, and that there are no other grounds upon which that order could be based. It is argued that no order has ever been filed showing that the motion was granted on the ground of the insufficiency of the evidence, or on any other ground; that under the provisions of section 657 of the Code of Civil Procedure it will be conclusively presumed that such an order was not based upon the insufficiency of the evidence unless that ground is specified in writing and filed with the clerk within 10 days after the motion is granted; that a minute entry is not a sufficient compliance with that section; and that no other grounds for granting the motion can be here considered since no affidavits were filed as required by section 658, when the application is made for a cause mentioned in the first four subdivisions of section 657. In the closing brief it is argued that the minute entry was corrected by a *nunc pro tunc* order made on October 11, 1955; that since this *nunc pro tunc* order was not filed within 10 days it must be conclusively presumed that the new trial was not granted on the ground of the insufficiency of the evidence, as held in *Dempsey* v. *Market Street Ry. Co.*, 23 Cal.2d 110 [142 P.2d 929]; and that since the court had no authority to enter a *nunc pro tunc* order such authority could not be conferred upon it by stipulation. The respondents contend that the order as entered was sufficient. It is also argued that it may also be assumed that a new trial was granted on the ground of excessive damages, subdivision 5 of section 657, since it appears from the evidence that the appellant suffered very minor injuries, lost no time from his work, did not see a doctor for four or five days, and proved special damages which left a balance of $800 for personal injuries.

It was held in *Whitley* v. *Superior Court*, 18 Cal.2d 75 [113 P.2d 449], that the entry of a minute order was not a sufficient written order under the 1939 amendment to

section 657, and that the court had no power to enter *nunc pro tunc* orders correcting the record after the expiration of the 10-day period provided for in section 657. In *Dempsey v. Market Street Ry. Co.*, 23 Cal.2d 110 [142 P.2d 929], the Whitley case was overruled insofar as the sufficiency of a proper minute order is concerned, but apparently approved as to the holding that section 657 places a limit on the time within which the record may be corrected by a *nunc pro tunc* order.

The only order granting a new trial which appears in the clerk's transcript here is a minute order dated May 27, 1955, which reads, aside from formal parts: "Motions for a new trial. Argument by counsel of record. The Court grants the motion for a new trial for insufficiency of the evidence. Notice waived." However, the reporter's transcript shows a proceeding on October 11, 1955, with counsel for all parties present. The respondents' attorney stated that at the time the motions for a new trial were presented the parties were represented by counsel and arguments submitted; that at that time the court made its order from the bench granting the motions for a new trial on the insufficiency of the evidence; that through some inadvertence or excusable neglect the minutes of the court, as entered by the clerk under date of May 27, 1955, did not reflect the true order of the court in that they left out the ground "insufficiency of the evidence," as ordered by the court; and that "It is my understanding that counsel at this time will stipulate that the true order of the court may be entered *nunc pro tunc* in connection with the written minute entries of the records in this case." Counsel for all parties then said, "So stipulate," and counsel for the appellant added "That being for the purpose of correcting the minute entry only." The court then ordered the minutes amended by specifying the insufficiency of the evidence as grounds upon which the motion was granted. Counsel for the appellant then suggested that "Rather than getting the record all fouled up with those situations, why don't we agree at this time that the clerk's transcript be corrected, . . . ." The court replied, "I just added the words." Counsel for the appellant then said: "Why doesn't it just appear like this in the original transcript on appeal?" and opposing counsel replied "So stipulated."

In the Dempsey case the court pointed out that it would be unreasonable to so interpret section 657 as to require an

appellate court "to presume *conclusively* a fact which the certified record itself shows to be false and contrary to fact." It would seem equally unreasonable to require an appellate court to conclusively presume a fact to be true which all parties conceded in the trial court, and concede here, is not true. The only order appearing in the clerk's transcript states that the motion for a new trial is granted on the ground of the insufficiency of the evidence, and the record is in this condition because of the stipulation of all parties that the record should be prepared in that manner. Because of these circumstances no new *nunc pro tunc* order was entered. While the effect may be the same the record was corrected in advance with the consent of all parties.

■ Section 657 should not be interpreted as forbidding the correction of the minutes, after 10 days, when the parties stipulate that this may be done and that the record shall be prepared that way. The basic purpose behind section 657 was to obtain a definite record of what actually occurred, thus avoiding both disputes as to what was done and possible afterthoughts. This purpose was fully accomplished here, and the statute should not be construed as intended to prevent the same result being reached by the agreement of all parties concerned. In *Kohlstedt* v. *Hauseur*, 24 Cal.App.2d 60 [74 P.2d 314], in speaking of the statutory steps with respect to a motion for a new trial, but before the 1939 amendment to section 657, the court said: ". . . unless the prescribed steps are taken in accordance with the code, the right to move for new trial does not exist as against one who stands on the statute and insists upon strict compliance therewith." The idea there suggested is sound. ■ While the appellant had a right originally to insist on his rights under the statute he should not be allowed to waive those rights in open court and then, after stipulating to the true fact, appeal on the ground that the court was without power to accept his stipulation and to make the correction which he stipulated might be made. Under these circumstances, this court should not be required to conclusively presume a fact which is contrary to the record as now certified, and is contrary to the actual fact as stipulated to in the trial court and as admitted here.

The order appealed from is affirmed.

Mussell, J., and Burch, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.