GUSTAVE ODEGARD et al., Respondents, v. JOE THUR-
MAN THOMASON, Appellant.

Tebbe & Correia and M. H. Messner for Appellant.

Daniel S. Carlton, and Robert A. Haughwout, for Respondents.

VAN DYKE, P. J.—This is an appeal from an order granting a motion for a new trial on the ground of the inadequacy of the damages awarded by the jury.

Respondent Betty Odegard sustained a back injury when the automobile which she was operating was struck in the rear by a truck driven by appellant. There was evidence that as a result of the accident the respondents had suffered special damages in an amount in excess of $1,400. There was also uncontradicted medical testimony that Betty would have to undergo surgery and that her future medical expenses would be approximately $1,500. The jury assessed damages in favor of respondents, as follows:

"1. The sum of $3500.00 in favor of Betty D. Odegard for personal injuries suffered by her.

"2. The sum of $1500.00 in favor of Gustave Odegard for medical expenses and property damages and loss of the services and society of his wife."

Upon respondents' motion, the trial court, by minute order, granted a new trial on all the issues on the ground of the insufficiency of the evidence. No formal order was filed, although the court in its memorandum of decision directed that one be prepared by respondents. ■ Appellant contends that the judgment must be reversed, as the only ground herein upon which a new trial could be granted was insufficiency of the evidence, but it must be conclusively presumed that it was not granted on that ground in view of the following provisions of section 657 of the Code of Civil Procedure:

"When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground. The court may direct a party to prepare the order."

■ Appellant's argument that, there being no formal order, it must be conclusively presumed that the new trial was not granted on the ground of insufficiency of the evidence was considered and answered by the Supreme Court in *Dempsey* v. *Market Street Ry. Co.*, 23 Cal.2d 110, 113-117 [142 P.2d 929], wherein it was held that the statutory requirement (Code Civ. Proc., § 657) was met by a minute order.

Appellant further argues that the trial court granted the motion for a new trial because of an erroneous belief that the jury was bound by the uncontradicted, expert testimony as to the nature and extent of the respondent wife's injuries and her need of future medical treatment. ■ No matter

570

what concept the trial court may have had as to the weight to be accorded the expert testimony, it was within the province of the trial judge to determine that the damages awarded respondents were inadequate. Moreover, the trial court did not limit the new trial to the issue of damages but granted it as to all the issues. It cannot be said that the trial court abused its discretion in granting a new trial. Therefore, its ruling cannot be disturbed on appeal. (*Dempsey* v. *Market Street Ry. Co., supra,* at p. 113.)

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.