## No. 10,165.

### THE McCARTY-JOHNSON HEATING AND ENGINEERING CO. *v.* FRANKEL.

Decided October 3, 1921.

Action in damages. Judgment for plaintiff.

*Affirmed.*

#### On Application for Supersedeas.

1. PRACTICE—*New Trial—Issues.* In an action for damages, judgment was for plaintiff in the county court for the amount claimed. An appeal to the district court resulted in a verdict for plaintiff in the sum of one dollar, which the court found to be a compromise verdict. A new trial was granted, the court limiting the issue to the sole question of the amount of damages, which the second jury fixed at $300. Held, that the question of liability had been fairly adjudged and without

compromise, against the defendant, and that the submission to the second jury of the sole question of the amount of damages, under supreme court rule 6, was without error.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. John A. Rush, Mr. Foster Cline, for plaintiff in error.

Mr. Joseph P. O'Connell, Mr. Frank J. Mannix, for defendant in error.

*Department Three.*

Mr. Justice Burke delivered the opinion of the court.

Defendant in error brought this action in the county court of the City and County of Denver against plaintiff in error for damages in the sum of $453. It is not disputed that it was there tried without a jury, that the findings were in favor of defendant in error on the question of negligence, and that the full amount prayed for was awarded. On appeal to the district court the cause was tried to a jury, which, after lengthy deliberation, sent the following communication to the court:

"Hon. Chas. Butler: There is no possibility of the jury agreeing in this case. F. N. Briggs, Foreman."

Whereupon an additional instruction was given, calling the attention of the jurors to the importance of an agreement, if one could conscientiously be reached, and their duty in the premises. Thereupon the jury retired, and after further deliberation brought in a verdict in favor of the defendant in error, assessing its damages in the sum of $1.00. Motion for a new trial was made, supported by the affidavit of the foreman that:

"The verdict reached in the above case did not represent the true beliefs of the members of said jury as to the merits of the case but was a compromise arrived at in accordance with the wishes of the court that the jury agree; that the amount of damages found did not in the opinion

of the jury represent the true damages but was an arbitrary award made for the purpose of a compromise verdict."

The motion for a new trial was granted and the cause retried upon the sole question of the amount of damages, which the second jury fixed in the sum of $300. From the judgment thereupon entered by the court, the Heating & Engineering Company brings error, asserting that the court was without power to divide the issues, directing a retrial only of the amount of damages, and asks the issuance of a supersedeas. The parties are hereinafter designated as in the court below.

BURKE, J. after stating the facts as above.

RULE 6 of the Rules of the Supreme Court reads as follows:

"Upon a motion for a new trial, the court may, in its discretion, order a retrial of questions of fact with respect to which error was committed, without resubmission of those concerning which there has been no error."

It is admitted that under the evidence in the first trial in the district court "reasonable men might well disagree as to whether there was any negligence proven." The same may be assumed as to the evidence in the county court. There is no dispute as to the validity of Rule 6 above quoted. Without it the power of the trial court to divide issues has been affirmed in a well considered case in which it is said that such power "ought to be exercised with great caution", and a doubt is there expressed as to whether a proper case for its exercise could arise in which liability and adequacy of damages could be so separated. *Simmons v. Fish*, 210 Mass. 563, 97 N. E. 102, Ann. Cas. 1912D, 588.

Where the reasonable inference is that a jury compromised differences as to liability by returning an inadequate sum for damages, it is held that the entire verdict should be set aside. *Doody v. Boston & M. R. R.*, 77 N. H. 161, 89 Atl. 487, Ann. Cas. 1914C, 846. Adopting the

rule as announced in *Simmons v. Fish, supra,* modified by said rule No. 6 of the rules of our own court, and applying the test sanctioned in *Doody v. Boston & M. R. R., supra,* we have here but to inquire if there was a reasonable inference that the jury so compromised their differences as to liability.

In view of the fact that the county court found liability, that but for the compromise (if such existed) defendant's liability is established by the first verdict in the district court, that the affidavit of the foreman is specific only as to a compromise on the amount of damages, we are forced to the conclusion that the trial court properly exercised its discretion in determining from all these, and from the evidence in the first trial in the district court, that the question of liability had been fairly and without compromise adjudged against defendant, and that the submission to the second jury of the sole question of the amount of damages was without error.

The supersedeas is accordingly denied and the judgment affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY concur.