## No. 10,925.

### PUBLIC SERVICE COMPANY OF COLORADO *v.* PETTY.

Decided May 5, 1924.   Rehearing denied June 2, 1924.

Action for damages for personal injuries.   Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. NEGLIGENCE—*Parent and Child.*   In Colorado negligence of the parents of a child of tender years is not imputed to the child.

2. *Jury Question.*   In an action for damages for personal injuries to a minor child incurred by having its hand caught in a washing machine on exhibition by defendant company, it is held that the question of whether the company was guilty of negligence was properly submitted to the jury.

3. APPEAL AND ERROR—*Sufficiency of Evidence.*   A verdict sustained by sufficient evidence will not be disturbed on review.

4. DAMAGES—*Jury Question—Excessive Verdict.*   It is within the exclusive province and judgment of the jury to assess damages, and it not appearing in the case under consideration that the verdict was other than the result of their serious and honest deliberations, it is not disturbed.

5. APPEAL AND ERROR—*New Trial.*   On review, plaintiff asked that an order of the trial court setting aside the verdict and granting a new trial in a former hearing, be set aside and the verdict reinstated.   The request is denied, it being held that the granting of a new trial was in the sound discretion of the court, which had not been abused.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. W. B. RUTLEDGE, JR., Messrs. GOSS, KIMBROUGH & HUTCHINSON, for plaintiff in error.

Messrs. RINN & ARCHIBALD, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THIS writ of error is prosecuted by plaintiff in error to have reviewed a judgment in favor of the defendant in error for the sum of $4,500, on account of alleged negligence of the defendant. Supersedeas applied for. The parties are here designated as in the lower court. The facts as they appear from the record are:

The defendant was maintaining and operating an electric light plant in the city of Boulder. It maintained an office and storeroom in which the monthly bills of its patrons were paid, and in which it exhibited electrical appliances, which it kept for the retail trade; that many women, with their children, came to the office and store on or before the 10th day of each month to pay their bills for electricity used, that they might receive a 5 per cent discount; that the defendant placed the office and counter, at which the bills were paid, at the rear of its storeroom; that small children, sometimes attended and sometimes unattended, frequented this storeroom on or just prior to the 10th day of each month, to which the defendant made no objection, although fully aware of the fact; that there was an aisle, leading from the entrance door, through the storeroom to the pay office. The plaintiff child was 18 months old on March 7, 1922, when it sustained the injuries complained of. On that date, or shortly prior thereto, the defendant had placed on the aisle, in the office and storeroom, a Meadow Lark Electric Washing Machine, and left the door thereto open, exposing the wheels, cogs and other mechanism of the machine; that this machine was placed at a height of one to two feet above the floor, and was in operation at the time of the accident, being driven by electrical power provided by the defendant, with no attendant in charge of the same, and it was in no way screened or glassed in or otherwise guarded; that on the day plaintiff was injured, its mother led it into the storeroom and up to the cashier's window; that she let go of the child's hand for the purpose of taking out her pocketbook and paying her bill; that while she was so engaged the plaintiff wandered away and up to the washing machine

in question, placing its left hand in the cogs of the machine. The tips of the first three fingers of its hand were badly crushed and mangled and were finally amputated slightly above the first joint. The end of the fourth or little finger was also crushed, causing the loss of the nail.

The negligence alleged was in permitting the machine to be so placed and left running with the cog-wheels exposed. There had been one trial of the action prior to the judgment in this case, a verdict rendered in favor of the plaintiff for $6,000, the verdict set aside, and a new trial granted on the ground that the verdict was excessive. At the conclusion of the plaintiff's evidence at the second trial, the defendant moved for a nonsuit, and at the conclusion of all the evidence, moved for a directed verdict, both of which were overruled.

The defendant requested the court to give certain instructions which request was refused. The defendant's theory of the case, as embodied in its instructions requested, is as follows: That the defendant was conducting its shop, exhibiting and demonstrating its machines and appliances in the usual and customary way; that it owed no duty to the infant plaintiff to guard him and prevent him from leaving his mother and going to the washing machine unattended; that the child's conduct in so leaving his mother, and the mother's conduct in permitting the child to leave her and approach the machine unattended, were unusual and could not, in the circumstances, possibly have been anticipated by the shop employes; that it was guilty of no negligence; that the proximate cause of the injury was the mother's failure to watch her child, and to prevent him from injuring himself by tampering with, or handling, the machines and appliances that were being demonstrated and displayed in the shop.

The authorities cited by defendant, in support of its position, are not in accord with the general rule as established by the courts of this country, and are not in harmony with the decisions in this jurisdiction. In the case of *Kopplekom v. Colorado Cement Pipe Company,* 16

Colo. App. 274, 278, 64 Pac. 1047, (54 L. R. A. 284), it was said: "If an owner sees fit to keep on his premises something that is an attraction and allurement to the natural instincts of childhood, the law, it is well settled, imposes upon him the corresponding duty to take reasonable precautions to prevent the intrusion of children, or to protect from personal injury such as may be attracted thereby."

This is the doctrine of the turntable cases as first announced in *Railroad Company v. Stout,* 17 Wall. 657, 21 L. Ed. 745, and approved by this court in *Denver City Tramway Company v. Nicholas,* 35 Colo. 462, 84 Pac. 813, and *Street Railway Company v. Sherman,* 25 Colo. 114, 53 Pac. 322, 71 Am. St. Rep. 116. It should be said that in the Kopplekom and Nicholas cases, the children were unaccompanied by their parents. The defendant claims that the doctrine of the turntable cases does not apply in the instant case, for the following among other reasons: That children were not in the habit of resorting to the shop of defendant for the purpose of play or amusement; that children of tender years were not in the habit of resorting there unaccompanied by parents or guardians for any purpose; that plaintiff was not induced to enter the shop by reason of anything therein, but was brought there by his mother; that when she had been there on previous occasions with the child she had properly watched it; that on the day of the accident the child was under the immediate attention and control of its mother when it entered the shop and proceeded to the cashier's counter; that the shop employes had reason to believe that the mother saw and heard the machine as she passed it.

The rule established in this state is that the negligence of the parents of a child of tender years, is not imputed to the child. In the case of the *Denver City Tramway Company v. Brown,* 57 Colo. 484, 493, 143 Pac. 364, 368, Mr. Justice Scott, delivering the opinion said: "We cannot sustain the doctrine that the negligence of the parents of a child of tender years, shall be imputed to the child,

first announced by the New York courts, and since followed by courts in some jurisdictions. That doctrine seems not only unsound, but absurd and inhuman."

And such is stated to be the rule, supported by the decided weight of authority, in 29 Cyc. 553 and 20 R. C. L. p. 155. In *Denver, etc. Co. v. Brown, supra,* the injured child was under five years of age. He was struck and severely injured by one of the defendant company's cars. He had called to his mother to come out and see him fly his kite. She went out with him into the passageway and toward the street, and just prior to the accident was on or near the sidewalk next to their home. The boy started into the street going in a southeasterly direction toward the car tracks, looking backward at the kite he was attempting to fly. It appeared that the mother was looking at the child, as he was trying to fly his kite, and supposed that when he left the curbing he intended to go down the street; that she did not hear the car, and that there was no warning whatsoever of its approach.

In the instant case it appears that the mother was not aware of the presence of the washing machine and had not observed it when she went to the cashier's desk to pay her bill.

The court submitted to the jury under proper and well considered instructions, and which we think fully protected the rights of the defendant, whether in the circumstances shown by the evidence, the defendant was guilty of the negligence charged. We think the instructions given were free from error and that the court did not err in refusing to give the instructions requested. The evidence was amply sufficient to sustain the verdict of the jury and we cannot disturb it.

A further contention of the defendant is that the damages awarded are excessive. The evidence shows the loss of more than one-quarter and not quite one-half of the natural use of the hand, and of course the injuries sustained have caused a permanent disfigurement. There is no evidence showing that the verdict was the result of passion

or prejudice. It was within the exclusive province and judgment of the jury to assess the damages, and we cannot say from anything appearing in the case that their verdict as to the amount was other than the result of their serious and honest deliberation.

The plaintiff has assigned cross errors asking that the order of the court setting aside the verdict and granting a new trial in the former trial of this case, be set aside; that the verdict be reinstated, and that this case be remanded to the lower court with directions to enter judgment in favor of the plaintiff on the former verdict for $6,000. This we cannot do. The granting of a new trial was within the sound discretion of the trial court, and it does not appear that the court abused its discretion in that respect.

Finding no error in the record the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.