No. 12,370.

AGATE IRRIGATION AND LAND COMPANY *v.* SIGMAN, ET AL.

Decided September 30, 1929.   Rehearing denied October 14, 1929.

Mr. E. CLIFFORD HEALD, for plaintiff in error.

Mr. CHARLES ROSENBAUM, for defendants in error.

*In Department.*

MR. JUSTICE ADAMS delivered the opinion of the court.

SAM Sigman and L. K. Sigman, doing business as Sigman Live Stock Company, were plaintiffs below and the Agate Irrigation & Land Company was defendant. We refer to them as aligned at the trial. Plaintiffs got a judgment against defendant in the county court, in an action to recover damages for defendant's failure to deliver some farm products to plaintiffs according to contract. We reversed the judgment and remanded the cause for new trial. *Agate I. & L. Co. v. Sigman,* 83 Colo. 464, 266 Pac. 209.

After the above reversal, the case was retried to a jury, which resulted in a verdict for the defendant, but no judgment was entered thereon. Plaintiffs moved for a new trial, which was granted. All parties participated therein and the last verdict and final judgment was for plaintiffs. Defendant brings the case here for review and asks for a supersedeas.

Our chief concern in the previously reported case (83 Colo. 464, 266 Pac. 209), which caused us to reverse it, related mainly to lack of sufficient proof of a valid assignment to plaintiffs of the interest of a withdrawing partner. We required such proof to protect the defendant from the possibility of another action by the alleged assignor. This proof has now been supplied and we need not further advert to it.

Although the amount involved is relatively small, the case has been tried once before a justice of the peace, three times in the county court, and we are now reviewing it under the second writ of error prosecuted out of this court. At one of the trials, this colloquy occurred

between the judge of the county court and counsel for defendant: "The Court: Do you owe this man $310 under these contracts? Mr. Heald: Yes, we owe it, if it were not that we have this counterclaim which we couldn't put in when brought in the shape the suit is brought, and if brought in the proper form [forum] we might put in the counterclaim." The amount of the final judgment in the present case against defendant in plaintiffs' favor is $200.

1. Counsel for defendant argues that under the evidence the only possible verdicts could have been in the sum of $50, or $260, or else $300, and that therefore the verdict for $200 was arbitrary. We need not review the evidence, but if a verdict for $260 or $300 was possible under such evidence, it follows that defendant was the beneficiary in that the judgment against it was $60 or $100 less than it might have been. If plaintiffs were injured, they have not raised their voices by assignment of cross-error, and defendant cannot complain when the judgment against it might have been, under the evidence, greater than it was.

2. Concerning the alleged set-off or counterclaim: It is in the sum of $400. This action was commenced before a justice of the peace. The jurisdiction of that court, in civil actions, is limited to cases where the value of the property or the amount in controversy does not exceed the sum of $300. §6036, C. L. 1921. This applies to both plaintiffs and defendant. Counsel for defendant readily recognized this jurisdictional limitation in his statement to the court. This left only the main issue, plaintiff's claim, for determination. It is made more obvious by the fact that defendant has brought another suit on the set-off or counterclaim in the district court, where it is now pending. We do not pass on its merits.

3. Error is assigned because a new trial was granted at the instance of plaintiffs, after a former verdict for defendant. The granting or refusal of a new

trial is largely within the discretion of the trial court. The admission of defendant's counsel, quoted above, as well as the evidence, justifies the action of the court in granting a new trial. Defendant cannot complain of a verdict against it for a less sum than that which it admitted in open court was due, even though the admission was coupled with an untenable condition as to a counterclaim, beyond the jurisdiction of the justice of the peace. Such admission was not an inadvertence. It was commendable candor. The judgment is based on money advanced to defendant in payment for certain commodities, a part of which it did not deliver.

We do not assume that defendant's reluctance to pay is based upon an arbitrary refusal to pay a just debt. It appears to have grown out of a belief on its part that plaintiffs owe defendant a sum in excess of the jurisdiction of the justice court, but we cannot take cognizance of this for the reasons above stated.

Judment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER concur.