## No. 12,509.

CROSBY *v.* CANINO ET AL.

(3 P. [2d] 792)

Decided September 28, 1931.

435

Mr. Joseph J. Walsh, Mr. Donald F. Clifford, for plaintiff in error.

Mr. Ernest Morris, for defendants in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

The parties appear as below. The plaintiff was injured through alleged negligence of the defendant, Lett, employee of the defendant, Canino. Trial to a jury resulted in a verdict of $1,500 for the plaintiff. A motion for new trial was granted, to which the plaintiff objected and excepted, and elected to stand on her case as made, whereupon, on motion of the defendants, the action was dismissed. The principal errors assigned are the granting of the motion for new trial and the judgment of dismissal, and it is urged that this court should direct the reinstatement of the verdict and order judgment thereon.

The case has been here before, *Crosby v. Canino,* 84 Colo. 225, 268 Pac. 1021, and the facts are fully set forth in that decision. We there determined that the trial court erred in granting the defendant's motion for nonsuit and that the evidence warranted submission to a jury. On the second trial the evidence was substantially the same, and the defendants moved again for a nonsuit, upon the same ground of contributory negligence, but the motion was denied, the trial judge remarking, "I think so, but the Supreme Court doesn't."

The defendants' testimony was then received; and at the close of all testimony the defendants moved for a directed verdict, which was denied. In passing upon the motion the court said: ''No, the testimony is, her testimony was that the front end of the car was even with the door when she got off, but her testimony was also that the minute she alighted, or immediately upon her alighting the street car and all the other cars started on. The testimony is also that—some of the witnesses—that the automobiles were back of the street car, but the last witness, Poole, says his car was alongside the street car and he was the third car—two cars ahead of him—and he was alongside the street car; she started to go in front of his car and another car, all the cars started on—I don't know. It is up to the jury to determine whether or not she got frightened and went back the other way or—it is for the jury to decide. There is testimony both ways. No, I think under the testimony now, as it stands, in view of what Mr. Poole [a witness for defendants] has testified to, it is clearly a case for the jury. The motion will be overruled.''

We need not review the facts again; the testimony is substantially what it was in the record reviewed in *Crosby v. Canino, supra,* and it is clear to us, as it was to the trial court, that the case was properly to be submitted to the jury. Indeed, the testimony of Poole made the plaintiff's case stronger in this respect than on the first trial, and upon the evidence in that case we said: ''In the present case, it was for the jury to say whether or not plaintiff acted with due care in not proceeding to the sidewalk to the right. According to her testimony, automobiles were between the street car and the curb.'' We can entertain no doubt, therefore, that the verdict for plaintiff was supported by competent and sufficient testimony.

In their motion for new trial the defendants asserted the verdict was against the law and the evidence; that the court erred in admitting rule 7 of the traffic

regulations promulgated by the manager of safety and excise; and that the verdict was excessive. The first ground is untenable for it has already been determined by this court to the contrary. *Crosby v. Canino, supra.* The second ground is urged for the first time and it is said that rule 7 was not pleaded in the complaint, but it is pleaded in the bill of particulars demanded by the defendants and that sufficiently conforms to the practice.

██ Rule 7 requires that a "driver of any vehicle must not attempt to pass another vehicle or street car at a street intersection," and the rule is said to be incompetent because the truck had not reached the intersection. Traffic ordinances must be given a reasonable construction. *Crosby v. Canino, supra.* The defendant, Lett, drove the truck out of the single file of cars at the very threshold of the intersection, and when the plaintiff was struck his car and those in the single file out of which he had swung were in motion and all in the act of entering the intersection. We cannot so narrowly construe the word "intersection" for the manifest purpose and intent of the rule was to forbid the very thing the defendant, Lett, did. And it will be noted that the inhibition is against attempting to pass another vehicle at, not in the intersection. When cars are in motion near an intersection and one comes out of the line and proceeds abreast of another, or attempts to pass another, so that it is obvious to all that it is the driver's intention to proceed into and across the intersection double file, the jury may well be allowed to consider the rule adopted by the manager of safety and intended to prohibit that practice. In the circumstances of this record we think the rule was competent. It was brought to the attention of the jury by the court in outlining the issues and no exception was taken to the court's statement that the plaintiff claimed the defendant, Lett, had "violated section 1971 of the Municipal Code of 1917 as amended to June 20, 1921, and rule 7 of the rules for the regulation of street traffic issued by the manager of safety and ex-

cise of Denver, June 20, 1921, under authority of section 1960 of the Municipal Code as amended to June 20, 1921.'' The parties all seemed to assume it was properly in evidence and, indeed, when it was admitted over defendants' objection counsel did not dignify the point with an exception.

Throughout the trial the court was observant of the decision in *Crosby v. Canino, supra*. It was only when considering and ruling on the motion for new trial that the learned judge indicated his belief that his view of the law was right after all. In the colloquy between court and counsel after the new trial had been granted, counsel for plaintiff inquired, ''Does your honor feel under the evidence you would have granted the nonsuit, that you should have granted the nonsuit at the conclusion of the plaintiff's case?'' To which the court replied, ''I am inclined that way.'' And added: ''And I am also afraid I am a little prejudiced in this matter. I wanted to have some other judge try it for fear there might be some prejudice in my mind in the matter. * * *. I want to see how some other judge tries this case. I am afraid I don't try it right.'' We are obliged to differ, for in our judgment the case *was* tried right, and the record does not disclose the slightest manifestation of prejudice. It is inconceivable that the trial judge's expressed fear of prejudice had reference to the parties, for his spirit of fairness cannot be questioned, and the infinite care with which he presided precludes its existence. Logically, therefore, the conclusion is inescapable that the judge had reference to some prejudice against the law of the case, pronounced by this court, and followed by him at the trial. On such hypothesis the result would be the visiting of a prejudice born of an unwillingness to follow the law as announced by this court on a litigant who had fairly won a decision.

█ █ The defendants contend that what the trial court did was within its discretion and is not subject to review, but that review is proper, the circumstances in

each case controlling, we have often held. *Hurt v. Nelson,* 85 Colo. 471, 276 Pac. 982; *Warshauer Co. v. Bank,* 81 Colo. 463, 256 Pac. 21; *Ward v. Teller Co.,* 60 Colo. 47, 153 Pac. 219; *Wadsworth v. U. P. Ry. Co.,* 18 Colo. 600, 33 Pac. 515. Every reasonable presumption should be indulged that trial courts grant new trials in the exercise of wise discretion; but where, as here, the trial court clearly indicates that its ruling was based on respectful rebellion against this court's determination of the law of the case, and for no other reason grants a new trial, a situation is presented which merits a review at our hands. Two times the plaintiff has presented a case entitling her to go to the jury, once by determination of this court, and again by determination of the trial court itself, acting in the light of what this court has held the law to be. With the law of the case fully determined so that there was no error in the trial now under review, and no likelihood of error upon a new trial, if one were ordered, and with sufficient competent testimony, as there was, and presumably would be, there is not justification in law to put the plaintiff to the expense and uncertainty of another trial simply because the trial judge conceives he is prejudiced as to the law and would like to see how another judge would try the case. It was error to grant the new trial.

 We have not overlooked the part of the record which defendants claim shows the plaintiff acquiesced in resetting the case and which should preclude this review. The record does not so appeal to us and it would amount to an absurdity to hold that a casual remark of counsel, capable of no certain construction, should prevent the prosecution of this writ of error. Within two or three days after the case had been reset and at the same term, plaintiff, with leave of court, made formal application to be allowed to stand on the case already made, which was granted.

 We have also examined the evidence to determine whether the verdict was excessive. Minds may well differ

as to the proper measure of damages but when it is considered that plaintiff suffered two broken ribs, a broken thumb, contusion of the left knee joint, sprained back, severe injury to the liver, and bruises otherwise, $1,500 can hardly be said to be indicative of passion or prejudice on the part of the jury. We elaborate on this point only because it is urged by defendants that the amount of the verdict might have been a reason which led the trial court to grant a new trial.

The case is reversed, and it is directed that the order granting the new trial be vacated, the verdict restored of record, and judgment entered thereon.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER concur.