[Civ. No. 10026.   First Appellate District, Division Two.—April 10, 1936.]

NINA B. SANFORD, Respondent, v. BERTRAM WILCOX, Appellant.

Barry J. Colding, Theodore Hale and Carroll B. Crawford for Appellant.

Geo. K. Ford and Faulkner, Doyle & Sanford for Respondent.

SPENCE, J.—In this action to recover damages for personal injuries, plaintiff was awarded a verdict in the sum of $3,000. Plaintiff was dissatisfied with the amount awarded and moved for a new trial because of the alleged inadequacy of the damages. The trial court made its order granting a new trial on the issue of damages alone. Defendant appeals from said order.

Appellant does not question the power of a trial court to grant a new trial limiting the issue to that of damages alone. (*Tumelty* v. *Peerless Stages,* 96 Cal. App. 530 [274 Pac. 430]; sec. 657, Code Civ. Proc.) Appellant contends, however, that the order granting the motion in the present case was "an abuse of judicial discretion" because "the verdict is not so grossly inadequate as to indicate that it is the result of passion or prejudice or inadequate at all". We believe, however, that on this appeal from an order granting a new trial, we are not concerned with the question of whether the verdict was so grossly inadequate as to indicate that it was the result of passion or prejudice but rather with the question of whether the trial court abused its discretion in determining that the award was inadequate. This was clearly stated in the recent decision in *Hoffmann* v. *Lane,* 11 Cal. App. (2d) 655 [54 Pac. (2d) 477], where the court reviewed the decision in *Peri* v. *Culley,* 119 Cal. App. 117 [6 Pac. (2d) 86], and said, "It was there decided that a trial judge may grant a new trial if he is satisfied from the evidence that the award is not legally adequate or commensurate with the injuries, and he is not limited in the exercise of such power to awards so grossly inadequate as to raise an inference of passion or prejudice."

In appellant's statement of the questions involved in this appeal, he states the facts as follows: "Plaintiff, a pedestrian, was struck by defendant's automobile while crossing a street; she proved special damages amounting to $1,283.81.

Her major injuries were fractures of fibula and tibia and concussion from blow on head, causing headaches and dizziness. Some complications remained 14 months after accident.'' The record discloses evidence from which it might have been found that respondent's special damage was greater than the amount above stated and further discloses evidence from which it might have been found that respondent's injuries were more serious and more lasting than the above summary would indicate. But even accepting appellant's brief summary as a basis for this discussion, there was only approximately $1700 awarded as general damages and we cannot say that the trial court abused its discretion in determining that the award was inadequate.

Appellant further sets forth certain evidence relating to the issues of negligence and contributory negligence and argues that in view of this evidence, the award was more favorable to respondent than she had a right to expect. If the evidence of appellant's negligence was insufficient as a matter of law or if the uncontradicted evidence showed that respondent was guilty of contributory negligence as a matter of law, then appellant's discussion of these issues might be pertinent to the question involved on this appeal. But appellant's argument merely relates to the claimed ''preponderance of the evidence'' on these issues. Suffice it to state that the record contains substantial evidence to support the implied finding that injuries were approximately caused by the negligence of appellant without fault on the part of respondent. The question of the preponderance of the evidence on these issues is therefore not before us on this appeal.

The order is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 8, 1936.