[Civ. No. 6444. Third Appellate District.—October 25, 1940.]

CATHERINE ANN HOFFART et al., Respondents, v. JOHN HONIG, Appellant.

Butler, Van Dyke & Harris for Appellant.

Archibald D. McDougall and C. C. McDonald for Respondents.

TUTTLE, J.—This is an appeal from an order granting a motion for new trial.

This action was before this court on a previous occasion. (33 Cal. App. (2d) 591 [92 Pac. (2d) 436].) We there upheld an order granting a motion for new trial on the sole issue of damages. The facts of the case are fully stated in that opinion. The husband of plaintiff Catherine Ann Hoffart, and father of plaintiff Ileane Ann Hoffart, was killed when the automobile in which he was a guest was struck by a train. Defendant was the owner and driver at the time, and his negligence was established. The case was retried by a jury upon the sole issue of damages, and a verdict of $5,000 was rendered in favor of the surviving wife and minor child. Thereafter, a motion for new trial upon the part of plaintiffs was made and the trial court granted said motion upon the ground that the evidence was insufficient.

The oft-quoted rule governing an appellate court under such circumstances is thus stated in 2 California Jurisprudence, page 908, section 535:

''If there is an appreciable conflict in the evidence, action of the court in granting a new trial is conclusive in the appellate court; and even where there does not appear to be a conflict in the evidence, the action of the trial court will not be disturbed where there appears to flow from the general surrounding circumstances of the case, probable justification for discrediting or giving no weight to testimony which, on its face, may bear all the earmarks of probability.

The appellate court does not interfere with the action of the trial court in granting a new trial, even when the evidence on which it has acted may consist of depositions and documentary and oral evidence. However, if, upon undisputed facts found, but one correct conclusion of law is possible, and the superior court, mistaking the law, orders a new trial, its order will be reversed.''

 It is the contention of appellant that this case comes within the exception to the rule which is found in the last sentence of the quotation. He urges that there is no conflict in the evidence respecting the damages, and that the granting of the motion was therefore erroneous.· We cannot say here that but one conclusion can be drawn from the evidence relating to the issue of damages. The various facts which the jury (and the court on motion), might consider in arriving at their verdict, are detailed properly in the following instruction which was given:

''In determining that pecuniary loss you may consider not only the financial support, if any, which plaintiffs Catherine Ann Hoffart and Ileane Ann Hoffart would have received from the deceased Melchoir V. Hoffart except for his death, but also the pecuniary value of the society, comfort, care, protection and right to receive support, if any, which each plaintiff has lost by reason of the death. In weighing these matters, you may consider the age of the deceased and of each plaintiff, the physical condition of deceased and of each plaintiff as it existed at the time of the death and immediately prior thereto: their respective expectancies of life as shown by the evidence; the disposition of the deceased. whether it was kindly, affectionate or otherwise; whether or not the deceased showed an inclination to contribute to the support of the plaintiffs; the earning capacity of the deceased; and such other facts shown by the evidence as throw light upon the pecuniary value of the support, society, care, comfort, and protection which each of the plaintiffs reasonably might have expected to receive from the deceased had he lived.''

It cannot be seriously denied that different inferences might be drawn from such facts which would result in verdicts of varying amounts. This removes the case from the exception to the rule, and places it in the same category as any action where there is conflicting evidence. In the case of *Taylor* v. *Rodriquez,* 10 Cal. App. (2d) 608 [52 Pac. (2d)

494], the trial court granted a motion for new trial upon the ground of the insufficiency of the evidence, holding that a verdict of $30,000 was insufficient. Affirming the order, the court said:

"The rule relied upon by defendant that the verdict of the jury will not be disturbed on the ground of insufficiency of the evidence unless it appears without substantial conflict that there is no evidence to sustain the verdict is a rule for the appellate courts and it has no application to the trial court. *In the trial court, where the verdict appears to be against the weight of the evidence, it is not only within the discretion of the trial court, but it is that court's duty to set aside the verdict on motion for new trial.* . . . The contention of defendant is that this was an uncontested case *and that there was no conflict in the evidence and that for these reasons the court manifestly abused its discretion and 'substituted its opinion for that of the jury'. The trial court did not substitute its opinion; it merely granted a new trial.* It must be remembered, also, that even though there is no conflict in the evidence, if the inferences fairly deducible therefrom are such that different conclusions might rationally be drawn therefrom by men equally sensible and impartial, *as in this case with regard to the amount of the award for damages,* the same rule must be applied as where the conflict arises directly from the evidence."

It is contended by appellant that there must be some evidence in the record to show that the verdict was "shockingly inadequate", before the motion of this character can be granted. He apparently had in mind the rule relating to *excessive* damages, which is specially derived from section 657 of the Code of Civil Procedure. In such cases the courts have sometimes stated that the damages must be so excessive as to "shock the conscience", before a new trial may be granted. On the other hand, where the damages are held to be *inadequate,* a new trial may be granted upon the broad ground of the insufficiency of the evidence, and the question as to whether or not the inadequateness is "shocking" in character has nothing to do with the determination of the matter by this court. (8 Cal. Jur., p. 833, sec. 87.) We might add that in our opinion an award of $5,000 for the negligent killing of a man twenty-six years of age, who leaves a surviving wife and child, might well be considered by the trial court as inadequate compensation.

The authorities cited by appellant all deal with the questions which were settled upon the former appeal, and it is unnecessary to discuss them here.

We conclude that there was no abuse of discretion upon the part of the trial court in granting the motion, and the order is therefore affirmed.

Parker, J., *pro tem.*, and Pullen, P. J., concurred.