No. 16,661.

WHITESIDE *v.* HARVEY.
(239 P. [2d] 989)

Decided December 17, 1951. Rehearing denied January 28, 1952.

Mr. LOWELL WHITE, Mr. WALTER A. STEELE, for plaintiff in error.

Messrs. WOLVINGTON & WORMWOOD, Mr. FRANCIS P. O'NEILL, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

IN error here, as per original status, the parties will be referred to herein as plaintiff and defendant. On November 24, 1948, defendant, as owner of a truck, directed his employee and driver to take the truck from Denver to Greeley, Colorado, to get a load of potatoes. The employee driver took his father, who was unfamiliar with the handling of this particular type of truck, with him. The son, being the driver employee of defendant, having been late at cards the night before, somewhere between Denver and Brighton, Colorado, requested his father to take over and drive the truck. After the shift of drivers was made, the son fell asleep. He had given his father instructions to go straight through Brighton, but did not tell him anything about a slight jog in the road in Brighton. The father, upon arriving at this particular jog or dead-end street in Brighton, did not

observe a stop sign and being unable to make a turn in time, seemingly became confused in trying to find the brake pedal and apparently hit the gas pedal or accelerator and caused the truck to lunge across the street, over the curbing and sidewalk, and into the front end of a building owned by plaintiff, causing damages thereto which plaintiff alleged to be in the sum of $5500.00.

Plaintiff alleged that the truck was being driven for the benefit and use of defendant and that the accident was caused by the negligence of the driver. Defendant answered, generally denying the allegations of the complaint, and alleging that the damages were the result of an unavoidable accident; that the truck was being driven by George Jackson, father of the driver employee, without the consent or approval of defendant and against the express instructions of defendant; further, that the driver was not an agent, servant, or employee of defendant. The cause was tried to a jury on April 11, 1950, which returned a verdict against defendant in the sum of $2147.38, on which judgment was entered. The court ordered that either party might file a motion for a new trial. Plaintiff filed a motion for a new trial on the issue of damages only, contending that the verdict was wholly inadequate to compensate plaintiff for the loss shown by the evidence and that there was no evidence to support the verdict in that sum. Upon the denial of this motion, plaintiff urges reversal here on the issue of damages alone. Defendant has filed cross specification of points, asserting that the court erred in admitting certain exhibits and in giving a certain instruction as well as denying defendant's motion for a directed verdict. Defendant seems to stand squarely on the general proposition that under the law of agency, the relation of master and servant cannot be imposed upon a person without his consent, either express or implied; and that in this case no emergency existed, and there was no apparent reason for the employee driver to abandon control of the truck; and that he was without any authority, permission or

consent from defendant to allow anyone to drive the truck.

The facts upon which would rest the question of liability were submitted to the jury upon reasonably fair instructions, and resolution was against defendant.

The responsibility of the owner for the driver's negligence has been affirmed times without number. Had this accident occurred through the carelessness or negligence of the son, the employee driver, under the undisputed facts, as here, liability of the owner of the truck could not successfully be disputed. When this employee driver, without being confronted with any kind of an emergency, turned over the operation of the truck to his father, and remained in the presence of his father while he was driving, the acts of the father became the acts of the employee for which the employer is liable. The father, as driver, here became an instrumentality in the hands of his son, and, further, the truck here involved was on a mission in furtherance of defendant's business. The request of the driver employee that his father drive the truck, knowing that the father was not familiar with this type of truck or the road over which it was to travel, and then going to sleep while the father was driving, was negligence.

Under the theory of "constructive identity" or "constructive service" in volume 5, American Jurisprudence, page 721, section 383, we find the following: "The general rule that the employer is not liable for the act of one whom his employee, without authority, permits to drive is subject, according to some cases at least, to the qualification that when such acts are done in the presence of the employee, the actor is considered as the alter ego of the employee, and his acts are the acts of the employee, for which the employer is liable."

In summation, we say that the negligence of the father is undisputed, and for all purposes here, it could be said that it is admitted. His negligence had its origin in the negligence of his son, the employee, and defendant's

liability will here rest upon the negligence of the father imputed to the careless and negligent son under the doctrine of constructive identity. We find no reason for reversal of the judgment on the jury's finding of defendant's liability.

■ ■ We agree with plaintiff's contention that the judgment as to the inadequate amount of damages should be set aside and a new trial ordered on the issue of damages alone. This may obtain under Rule 59 (a) R.C.P. Colo., which provides that, "A new trial may be granted to all or any of the parties, and on all or part of the issues * * *." The question of liability now stands disassociated from the question of the error specified concerning the determination of the amount of damages.

The jury was instructed that in the event its verdict was for the plaintiff, it was to fix his damage in such amount as would reasonably compensate him for the loss that resulted from the accident as had been established by the evidence in the case. Estimates as to the amount necessary to put the building into the condition in which it was before the accident, were given by three contractors who viewed the premises with the purpose of making the estimate. Two of the contractors were called as witnesses by plaintiff and one by defendant. The estimates varied largely upon the kind of repair and material. There is no contention that a necessary temporary repair, costing $308.14, was unreasonable. It appears that this temporary work had to be done preliminary to the commencement of the principal repair job. It is not necessary to detail the estimates submitted or the differences therein, further than to say that defendant's contractor's estimate was $3300.00 and the estimates of the other two contractors were $4380.87 and $4450.76 respectively, and all three plus the $308.14 for temporary repair. The jury was instructed that in determining the amount of damage they should take into consideration the betterment, if any, to the building and not award damages for such betterment. We find no

evidence whatever to the effect that the structure was bettered after the repairs; and we find no basis for the exact figure of the judgment. The verdict being in odd figures denotes an attempted calculation and some deliberation; however, on the face of the judgment, either error appears, or a gross inadequacy, if the evidence of the contractors was to be followed at all. The field in which the jury was to find the damage was between the low estimate of $3300.00 by defendant's contractor and $4450.76, the high estimate of one of plaintiff's contractors. These estimates leave no doubt that the judgment is inadequate and especially in face of the undisputed evidence that plaintiff actually paid out the sum of $4758.87 as the cost of putting the building back into its condition before the accident.

The judgment is reversed as to the question of damages and the cause remanded for a further hearing on the sole issue of damages.

MR. CHIEF JUSTICE JACKSON, MR. JUSTICE ALTER and MR. JUSTICE MOORE concur.