## No. 20909.

DOLORES ODELL, GUARDIAN OF THE ESTATE OF
DONALD GAGE ODELL, JR., A MINOR *v.*
PUBLIC SERVICE COMPANY OF COLORADO.
(407 P.2d 330)

Decided November 1, 1965.    Rehearing denied November 22, 1965.

George T. Ashen, Thomas C. Singer, for plaintiff in error.

Lee, Bryans, Kelly & Stansfield, Alfred J. Hamburg, Thomas J. Mitchell, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

Dolores Odell, as the guardian of her minor son Donald Odell, Jr., brought an action in his behalf against the Public Service Company of Colorado, seeking damages in the amount of $354,000 for injuries claimed to have been suffered by Donald Odell, Jr., in an explosion which was alleged to have been caused by the negligence of the defendant company. Donald Odell, Sr., also made claim against this same defendant for damages in the sum of $29,334.99 which he too allegedly had sustained as a result of the explosion, averring in this connection that he had incurred considerable hospital and medical expenses in the treatment of his son as well as extra expense for his special schooling and tutoring.

Upon trial the Public Service Company confessed liability for "all injuries and damages caused by the

explosion," with the question of damages being then the only issue submitted to the jury. The jury determined that the damages sustained by Donald Odell, Sr., were in the sum of $22,809.05; and the same jury also awarded Dolores Odell, as the guardian of Donald Odell, Jr., the sum of $35,000. The judgment which was thereafter duly entered in favor of Donald Odell, Sr., has been satisfied in full and the present writ of error relates only to the judgment in the amount of $35,000 entered for Dolores Odell, as the guardian of Donald Odell, Jr.

Plaintiff in error's basic contention is that the jury's verdict in the amount of $35,000 was "wholly inadequate" and in nowise *fully* compensated Donald Odell, Jr., for the grievous personal injuries which he suffered as a result of the explosion. Public Service Company concedes that injuries sustained by Donald Odell, Jr., were indeed serious, but argues that $35,000 is not an inconsequential amount, and that in any event the jury heard the evidence and personally observed Donald Odell, Jr., and his various injuries, and that in such circumstance it would be highly improper for this Court to now upset this solemn determination of the jury.

We have repeatedly held that the verdict of a jury in a personal injury action should not be set aside on the ground of inadequacy unless, under the evidence, it can be definitely said that the verdict is "grossly and manifestly inadequate," or unless the amount thereof is to small as to clearly and definitely indicate that the jury neglected to take into consideration all the evidence pertaining to the damages sustained by the injured party or were influenced by "prejudice, passion or other improper considerations." See for example, *Lehrer v. Lorenzen,* 124 Colo. 17, 233 P.2d 382; and *Cottingham v. Star Bus Lines,* 152 Colo. 188, 381 P.2d 25. We have reviewed the record in the instant case with great care and it is at once apparent even from only a perusal of the cold printed page that Donald Odell, Jr., suffered very serious and permanent

injury in the explosion. Even though such be true, however, we are not prepared to hold that the award of $35,000 was "grossly and manifestly inadequate" or so small as to definitely indicate that the jury overlooked some particular item of damage or was motivated by any prejudice, passion or other improper considerations." To overturn this verdict on the ground of alleged inadequacy would, under the circumstances, be highly improper and would amount to nothing more than a usurpation by us of a matter peculiarly within the province of the jury. This we can not do. See *Wall v. Livezay*, 6 Colo. 465.

Plaintiff in error also claims that the trial court erred in sustaining an objection to certain evidence which she sought to introduce as to the present inflationary trend of wages and prices. An economist called by her as a witness was permitted to testify as to the upward trend of wages from the date of the explosion to the date of the trial and this same witness went on to opine that these inflationary trends as to both wages and prices would probably continue indefinitely into the future. However, this witness was *not* permitted to go back to the year 1914 and show the trend of wages from that date forward to the date of trial and then presumably forecast what would be the trend of wages for the entire life expectancy of Donald Odell, Jr., or to the year 2020. In a somewhat similar vein, plaintiff in error was also precluded from eliciting from another witness, who was the headmaster of a private school which Donald Odell, Jr., then attended, an opinion as to whether Donald Odell, Jr., could complete high school and go on to college. Donald Odell, Jr., was then in fourth grade, and the trial court sustained an objection to this testimony on the ground that it was too speculative and that his opinion, if any, would be based on hearsay. It should be noted that the headmaster testified at great length as to the scholastic performance in his school of Donald Odell, Jr., and to his general

physical and mental capabilities. Suffice it to say we have reviewed the entire testimony of both the economist and the headmaster and find no reversible error in connection therewith. Under the circumstances the error, if any, was at the most harmless and not a cause for reversal. See Rule 61, R.C.P. Colo.

■ Minor complaint is made by the plaintiff in error concerning the instruction pertaining to damages given by the court to the jury. This instruction advised the jury that in assessing the damage sustained by Donald Odell, Jr., the jury should take into consideration, among other things, "any impairment of his future earning capacity and capability as a result of said injuries." Such does not go "far enough," says the plaintiff in error, who tendered an instruction — which was refused by the trial court — to the effect that Donald Odell, Jr., was entitled to be compensated for impairment in his earning capacity "even though the injured party was a child at the time of his injury" and in determining his loss of earning capacity "you will consider his diminished capacity to perform manual labor." This, then, is not an instance where there was *no* instruction on a particular item of damage, *i.e.*, impairment of future earning capacity. On the contrary there was such instruction and the complaint is that different phraseology, presumably more favorable to Donald Odell, Jr., should have been adopted. Under this circumstance, we perceive no error in this regard.

Other matters here urged as constituting error on the part of the trial court of such magnitude as to require a reversal of the judgment have been examined and found to be without substance. From our examination of the record — which consists of some 1434 folios — we are convinced that the plaintiff in error had her day in court and that no interlocutory ruling of the trial court to any real degree hampered her in getting her case — and all of it — before the jury. That she is now dissatisfied with the award of the jury is under the cir-

cumstances no ground for a reversal of the judgment. Hence, the judgment is affirmed.

MR. JUSTICE FRANTZ dissents.

MR. JUSTICE FRANTZ dissenting:

For purposes of this dissent I quote the following portion of Rule 59, R.C.P. Colo.:

"(a) GROUNDS. A new trial may be granted to all or any of the parties and on all or a part of the issues, after trial by jury * * *. Subject to the provisions of Rule 61, a new trial may be granted for any of the following causes: * * *

"(5) Excessive or inadequate damages."

It should be noted that the rule does not require the presence of grossly inadequate or grossly excessive damages. In a case where damages are grossly inadequate or grossly excessive, the court should as a matter of law grant a new trial; the trial court has no discretion under such circumstances. *D. & R. G. R.R. v. Scott,* 34 Colo. 99, 81 Pac. 763.

In the present case, the minor plaintiff filed a motion for a new trial and gave as one of the grounds therefor that the verdict of the jury, upon which judgment entered, was grossly inadequate. Because of the language appearing in the case of *Lehrer v. Lorenzen,* 124 Colo. 17, 233 P.2d 382 — made without supporting authority and indeed against the many prior decisions of this Court and the majority view of the courts of the Union — the minor plaintiff apparently felt that he had to couch the language of this ground for new trial on the theory that the verdict had to be *grossly* and *manifestly* inadequate in order to obtain a new trial, and that he had to convince the trial court it was inadequate to such degree.

In the cited case, the Court said:

"Considering Rule 59, R.C.P. Colo., we hold it to be an abuse of discretion on the part of the court to set

aside the verdict of the jury and grant a new trial solely on the ground of inadequacy of the verdict unless, under the evidence, it can be definitely said that the verdict is grossly and manifestly inadequate, or unless the amount thereof is so small as to clearly and definitely indicate that the jury neglected to take into consideration evidence of pecuniary loss or were influenced either by prejudice, passion or other improper considerations."

This decision engrafted language on the rule and changed the ground for a new trial from that of excessive or inadequate damages to that of grossly and manifestly inadequate or excessive damages. The rule as written comported with the conventional concept of new trial procedure. The added stricture contained in the interpretation is out of keeping with traditional new trial procedure. At the trial court level a motion for new trial on the ground of inadequacy of damages comprehends discretionary action by the trial court; to obtain a reversal and direction for new trial of a case at the review level requires a showing that such damages are grossly and manifestly inadequate. The former involves dealing with a factual situation upon which resolution lies in a trial judge's discretion; the latter involves the resolution of a legal question, whether an error of law has been committed. Unhappily, the latter was made applicable to a motion for new trial in the *Lehrer* case without authority to support it.

As early as 1888, this Court recognized that motions for new trial were in certain aspects grantable by the trial court in the exercise of its judicial discretion. The Court, speaking through Mr. Justice Beck, said in *Clifford v. Denver, S.P. & P.R. Co.*, 12 Colo. 125, 20 Pac. 333:

"Where the ground of the application is insufficiency of the evidence to support the verdict; that the verdict is against the weight of the evidence; that it is unjust and inequitable, and the like, — a reasonable degree of discretion exists to allow or deny a new trial; and when

the questions involved in the application are close, the ruling of the court should not be interfered with."

A series of cases which recognized the discretionary power of the court in the consideration and disposition of motions for new trial followed the *Clifford* case. *McCarty-Johnson Heat. & Eng. Co. v. Frankel,* 70 Colo. 330, 201 Pac. 36; *Public Service Co. v. Petty,* 75 Colo. 454, 226 Pac. 297; *Agate Co. v. Sigman,* 86 Colo. 317, 281 Pac. 363; *Crosby v. Canino,* 89 Colo. 434, 3 P.2d 792, 78 A.L.R. 1202; *Barsch v. Hammond,* 110 Colo. 441, 135 P.2d 519; *Mooney v. Carter,* 114 Colo. 267, 160 P.2d 390; *Gossard v. Watson,* 122 Colo. 271, 221 P.2d 353; *Murrow v. Whiteley,* 125 Colo. 392, 244 P.2d 657; *Scott v. Matsuda,* 127 Colo. 267, 255 P.2d 403; *Burenheide v. Wall,* 131 Colo. 371, 281 P. 2d 1000.

In discussing a situation where a jury had awarded $6,000 in damages for personal injuries, after which a motion for new trial was filed, it being contended that the damages were excessive, and the trial court agreed and granted the motion, this Court said, in *Public Service Co. v. Petty, supra,* that "the granting of a new trial was within the sound discretion of the trial court and it does not appear that the court abused its discretion in that respect."

Whether a new trial should be granted for excessive or inadequate damages rests within the discretion of the trial court in cases where there is no legal measure of damages, or where the correctness of the decision of the court cannot be determined by the application of definite and precise rules. *Clark v. Aldenhoven,* 26 Colo. App. 501, 143 Pac. 267. *See Whiteside v. Harvey,* 124 Colo. 561, 239 P.2d 989.

Such judicial discretion is exercised "in those cases only where the trial court has reasons peculiarly within its knowledge justifying the conclusion that the ends of justice will be served by submitting the case to another jury." *Mooney v. Carter, supra.*

Three cases should be discussed at this time because

in the discussion it becomes evident that this concept of judicial discretion in the trial court is important and should be retained.

In *Gossard v. Watson,* 122 Colo. 271, 221 P.2d 353, and in *Singer v. Chitwood,* 126 Colo. 173, 247 P.2d 905, this Court quoted extensively from a federal case which pointed out the differences between a motion for a new trial (involving discretionary action) and a motion for a directed verdict (involving an asserted legal right). There is a striking parallel between the *duty* of a trial court to direct a verdict and the *duty* of this Court to determine whether damages are grossly and manifestly inadequate on writ of error. Both *duties* are clearly distinguishable from the *discretionary* power vested in a trial court in determining adequacy of damages on a motion for new trial.

We can learn much from the quotation resorted to in the two decisions. It was said in the *Gossard* case:

"The distinction was laid down by Lurton, J., in the leading case of *Mt. Adams & E. P. Inclined Ry. Co. v. Lowery,* 74 Fed. 463, wherein, after review of the authorities, he said: 'It seems to us to follow, from both reason and authority, that there is a difference between the legal discretion of the court to set aside a verdict as against the weight of evidence, and that obligation which the court has to withdraw a case from the jury, or direct a verdict, for insufficiency of evidence. In the latter case it must be so insufficient in fact as to be insufficient in law; in the former case it is merely insufficient in fact, and it may be either insufficient in law, or may have more weight, and not enough to justify the court, in exercising the control which the law gives it to prevent unjust verdicts, to allow a verdict to stand. * * * We do not think, therefore, that it is a proper test of whether the court should direct a verdict, that the court, on weighing the evidence, would, upon motion, grant a new trial. A judge might, under some circumstances, grant one new trial and refuse a second,

or grant a second and refuse a third. In passing upon such motions he is necessarily required to weigh the evidence, that he may determine whether the verdict was one which might reasonably have been reached. But, in passing upon a motion to direct a verdict, his functions are altogether different. In the latter case we think he cannot properly undertake to weigh the evidence. His duty is to take that view of the evidence most favorable to the party against whom it is moved to direct a verdict, and from that evidence, and the inferences reasonably and justifiably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for the party having the onus.' "

A good summarization is presented in *Singer v. Chitwood, supra,* in these words:

"The result of setting aside a verdict, and the event of directing one, are entirely different and are not controlled by the same conditions or circumstances. The matter of a retrial of the issue rests, within limitations, *in the discretion of the trial court.* The matter of a directed verdict rests upon legal right." (Emphasis supplied.)

*Burenheide v. Wall, supra,* represents *Gossard v. Watson* and *Singer v. Chitwood* revisited. In the *Burenheide* case the Court refers to the *Singer* case in connection with the philosophy of the similar rules of the federal and the Colorado courts regarding new trials, quoting:

" 'According to all the federal cases he has discretion to grant a new trial before another jury if he thinks the verdict is wrong, though there be some evidence to support it, and his action is generally not subject to review on appeal. * * * New trials are not abridged or disfavored by the new rules. The judge may even grant one on his own initiative without a motion. Rule 59 (d).' "

Between *Gossard v. Watson* and *Singer v. Chitwood* a case evolved, parentage unknown, for it is progeny to no previous case. It is alien to the host of cases,

cited above, having a recognized lineage. Reference is made to the case of *Lehrer v. Lorenzen,* already adverted to. Unfortunately, *Lehrer v. Lorenzen* has spawned at least two offspring, the latest of which is *Cottingham v. Star Bus Line,* 152 Colo. 188, 381 P.2d 25. I discover to my chagrin that I concurred in the *Cottingham* case, and I would at this earliest opportunity disassociate myself from this phase of that case.

It should be noted that *Lehrer v. Lorenzen, supra,* discusses Rule 59, R.C.P. Colo., and requires inadequacy of a gross and manifest nature to warrant a new trial. This decision was handed down in June of 1951. No petition for rehearing was filed. In December of the same year *Whiteside v. Harvey, supra,* again discusses Rule 59, R.C.P. Colo., and says there is no doubt "that the judgment is inadequate." In April of 1952 this Court handed down the opinion in *Murrow v. Whiteley, supra.* Rule 59, R.C.P. Colo., was again considered by the Court. The Court said:

"It definitely appears that the jury disregarded the court's instruction as to the measure of damages and returned a verdict *inadequate* under the evidence before it." (Emphasis supplied.)

The remand directed the trial court "to set aside the verdict insofar as it constitutes a determination of the amount of damages to which the plaintiff is entitled and grant a new trial on the question of damages only."

Courts of other jurisdictions have refused to interfere with the action of their trial courts in granting motions for new trials where the trial courts had determined that the damages awarded by juries were inadequate. These Courts have said that trial courts have a discretion in the consideration of motions for new trials in which inadequacy of damages is asserted, and that, unless it is made to appear that there has been an abuse of this discretion, they will not interfere.

A typical case is that of *Belyew v. United Parcel Service of Oakland,* 49 Cal. App.2d 516, 122 P.2d 73.

The opinion contains an excellent statement of the law. I quote:

"At the outset, it should be noted that when a trial court grants a motion for a new trial because of the inadequacy of the damages awarded, it acts upon the broad ground of the 'Insufficiency of the evidence to justify the verdict' (Code of Civil Procedure, section 657, subd. 6), and its power to grant such motion is not limited to those cases in which the amount awarded is so inadequate that it shocks the conscience and raises an inference of passion or prejudice on the part of the jury. Hoffart v. Honig, 41 Cal. App. 2d 271, 106 P. 2d 630; Hoffmann v. Lane, 11 Cal. App. 2d 655, 54 P. 2d 477; Peri v. Culley, 119 Cal. App. 117, 6 P. 2d 86. On the contrary, it is the duty of the trial court in considering such motion to weigh the evidence, to exercise its independent judgment and to grant a new trial if it clearly appears to the trial court from the evidence believed by it that the damages awarded were inadequate. Peri v. Culley, supra; see also Fisher v. Zimmerman, 23 Cal.App.2d 696, 73 P.2d 1243; Green v. Soule, 145 Cal. 96, 78 P. 337. If the motion is granted, the only question presented on an appeal from the order granting such motion is the question of whether the trial court abused its discretion in determining that the damages awarded were inadequate. Sanford v. Wilcox, 13 Cal.App.2d 193, 56 P.2d 548."

Other cases are: *Patterson v. Rowe,* 113 Cal.App.2d 119, 247 P.2d 949; *Peri v. Culley,* 119 Cal.App. 117, 6 P.2d 86; *Brown v. Service Coach Lines, Inc.,* 71 Ga.App. 437, 31 S.E.2d 236; *Widener v. St. Louis Public Service Co.,* (Mo.) 230 S.W.2d 698; *Haser v. Pape,* 78 N.D. 481, 50 N.W.2d 240; *Gibson v. Hallacher,* 176 Pa.Super. 539, 107 A.2d 449; *Chatelain v. Thackeray,* 98 Utah 525, 100 P.2d 191.

I would reverse the judgment in this case with directions to the trial court to reconsider the motion for new trial and in so doing to exercise its judicial dis-

416

cretion in determining whether or not the damages were adequate.