James K. FLETCHER, individually, and as father and next friend of Erin Fletcher, a minor, Plaintiffs–Appellants,

v.

Donald Willis PORTER and Barry Porter, Defendants–Appellees.

No. 86CA0285.

Colorado Court of Appeals, Div. II.

March 24, 1988.

Rehearing Denied April 21, 1988.

Plaut, Lipstein, Cohen, PC, Frank Plaut, Lakewood, for plaintiffs-appellants.

Weller, Friedrich, Hickisch, Hazlitt & Ward, Sheryl L. Anderson, Denver, for defendants-appellees.

BABCOCK, Judge.

In this negligence action to recover damages arising out of an automobile collision, plaintiffs, James K. Fletcher, individually and as father and next friend of Erin Fletcher, a minor, (father and Erin) appeal the judgment of the trial court entered upon jury verdicts. The jury returned a $10,000 special verdict in favor of father apportioning 60% negligence to defendant, Donald W. Porter, and 40% negligence to father. As to Erin, the jury returned a general verdict for defendants. Father and Erin contend that the verdicts are inconsistent and, thus, the judgment should be reversed and the matter remanded for new trial on all issues. We agree that the verdicts are irreconcilable as to Erin, and therefore, we reverse and remand for new trial as to damages only. We affirm the judgment as to father.

In December 1984, an intersection collision occurred between a car driven by father and one owned by defendant Barry Porter and driven by defendant Donald W. Porter. It was stipulated that Barry Porter was the head of the household where Donald resided and Donald was driving the car with Barry's express permission.

Two-year-old Erin was a passenger in father's car riding in a child car seat placed in the rear seat behind father with her seat belt on. The evidence was undisputed that before the collision Erin's physical and mental health were good. In the collision, Erin received facial cuts and lacerations, and there were pieces of glass imbedded around the orbital area of her eye. She was taken to the emergency room of a hospital, treated for these injuries, and released the night of the collision.

The unrebutted testimony at trial was that Erin's cuts were painful, there was scarring, there remained a one-quarter inch square piece of glass imbedded in the orbital area of her eye which caused discomfort, and she had been diagnosed as having and was being treated for moderate to severe post-traumatic stress disorder. Father had incurred more than $3,500 expenses for Erin's medical and psychiatric care.

In accord with the Colorado Auto Accident Reparations Act, 10–4–701, et seq., C.R.S. (1987 Repl. Vol. 4A), the trial court instructed the jury that, insofar as proved by the evidence, father's damages included any reasonable and necessary past or future medical expenses incurred on behalf of Erin, except that the jury was to exclude any such expenses which had been or would be incurred within three years after the accident and which did not or would not in total exceed $25,000. As to Erin, the jury was instructed that, insofar as proved by the evidence, her damages were to include compensation for past and future physical pain or mental suffering. As part of any past or future mental suffering the jury was also instructed to consider any emotional distress, embarrassment, or humiliation Erin had or would incur as a result of scarring or disfigurement.

The trial court submitted father's claim to the jury with special comparative negligence forms of verdict. Because any negligence of father could not be imputed to Erin, the trial court concluded that if the jury found that defendants were negligent there would be no need to submit special verdicts as to Erin, and the jury would merely insert in the general verdict the

amount of her damages if any. Accordingly, the trial court submitted general verdict forms to the jury as to Erin's claim.

As to the father, the jurors signed and returned the special verdict form finding that defendant Donald was 60% negligent, that father was 40% negligent, and that their combined negligence caused father's $10,000 damages. However, the jury returned a defense verdict on Erin's claim.

■ Jury verdicts will not be reversed for inconsistency if the record reveals any basis for the verdicts. *City of Aurora v. Loveless,* 639 P.2d 1061 (Colo.1981). An appellate court's task is to determine from the record whether there is competent evidence from which the jury logically could have reached its verdicts; it should attempt to reconcile the jury's answers to special verdicts, if possible, and if there is a view of the case that makes the jury's answers consistent they must be resolved that way. *City of Aurora v. Loveless, supra; Lonardo v. Litvak Meat Co.,* 676 P.2d 1229 (Colo. App.1983).

Applying these principles to the record here, we conclude that the defense verdict against Erin is irreconcilable with the jury's answers to the special verdict in favor of her father.

Defendants argue that the verdicts may be reconciled as reflecting the jury's view that Erin failed to establish that her injuries were caused by their negligence and that Erin did not incur unreimbursed injury or loss under the Colorado Auto Accident Reparations Act. We are not persuaded.

The jury was instructed correctly that father's negligence is not imputable to Erin. *See Public Service Co. v. Petty,* 75 Colo. 454, 226 P. 297 (1924); *CJI–Civ.2d* 9:25 (1980). Further, Erin, being under the age of seven, was incapable as a matter of law, of being contributorily negligent. *Benallo v. Bare,* 162 Colo. 22, 427 P.2d 323 (1967).

Although the nature and extent of Erin's injuries were contested through cross-examination of her expert witnesses, the fact of her injury in this collision was undisputed. Accordingly, when the jury found that

defendants' 60% negligence was a cause of father's injury, as a matter of law, causation was established as to Erin.

■ Defendants argue that the defense verdict merely reflects that Erin sustained no additional injuries for which she was entitled to be compensated above the $25,000 limit for medical expenses set by the Colorado Auto Accident Reparations Act. That argument necessarily assumes that the damages set by the jury were no greater than her medical expenses. However, if that assumption were correct, then, in light of the overwhelming evidence of physical and emotional pain and suffering, Erin's verdict would be manifestly inadequate and would indicate the jury's disregard for, and misunderstanding of, the trial court's instructions on liability and damages with regard to Erin's claim. *See Reynolds v. Farber,* 40 Colo.App. 467, 577 P.2d 318 (1978). Consequently, on the record here, failure to award Erin any damages for pain and suffering renders her verdict inadequate as a matter of law and irreconcilable with father's verdict.

Defendants' contention that Erin failed to preserve for review her argument that the verdicts are inconsistent is not supported by the record and is without merit.

As to father's verdict, the record shows that the trial court correctly instructed the jury as to the applicable law and the evidence supports the jury's findings as to apportioned negligence, causation, and damages. Father gives no reason why Erin's defective verdict taints the verdict as to him, and we are unable to discern any such taint from the record.

Accordingly, the judgment as to father is affirmed and the judgment entered on the jury verdict as to Erin is reversed. The cause is remanded for new trial as to Erin's damages.

SMITH and PLANK, JJ., concur.